

**Katten**
Katten Muchin Rosenman LLP

575 Madison Avenue
New York, NY 10022-2585
212.940.8800 tel
212.940.8776 fax

KEIR N. DOUGALL
keir.dougall@kattenlaw.com
212.940.8775 direct
212.894.5719 fax

April 30, 2007

**BY ECF**

Magistrate Judge Marilyn D. Go
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *State Farm Mutual Automobile Insurance Company v. Accurate Medical, P.C., et al.*
Case No. 07-CV-0051 (ENV)(MDG)

Dear Judge Go:

Plaintiff State Farm respectfully submits this letter to request that the Court enter the proposed protective order which is attached hereto as Exhibit A. State Farm also submits this letter to address the objections raised by counsel for defendants Accurate Medical, P.C., J.P. Medical, P.C., Quality Medical Health Care Provider, P.C., Jadawiga Pawlowski, M.D.[1] and Hisham Elzanaty ("the Elzanaty Defendants") to State Farm's proposed protective order. For the reasons set forth below, the proposed order, as currently drafted, properly addresses any and all privacy concerns in this case. Defendants' objections have no merit.

At Your Honor's direction, State Farm circulated to counsel a draft protective order following our initial conference of April 10 and requested that any objections thereto be raised no later than close of business on April 26. By letter dated April 26, a copy of which is attached hereto as Exhibit B, we received objections from Mr. Weisner, of counsel for the Elzanaty defendants, but to date have received no objections from counsel for the remaining defendant, Dr. Burke.[2] We have attempted to resolve the written objections with counsel without the Court's intervention, however, a number of issues remain in dispute.

Mr. Weisner appears to be objecting on two general grounds: (1) that the language of State Farm's proposed order does not meet the requirements of 45 C.F.R. § 164.512 (e); and

---

[1] Following counsel's representation that defendant Pawlowski has filed for bankruptcy, this Court stayed the claims against her in this action with an order dated as of April 10, 2007.

[2] When counsel conferred today, counsel for Burke objected generally to the proposed protective order.

April 30, 2007
Page 2

alternatively (2) that § 164.512 (e) may not even apply at all to authorize the proposed protective order. We address each.

First, by Counsel's admission, "[p]ursuant to § 164.512 (e)(1), HIPAA provides a vehicle whereby plaintiff may properly allow ... otherwise personally identifiable protected health information to be publicly splayed." Indeed, § 164.512 provides for disclosure of protected health information "in response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court ... if [t]he covered entity receives satisfactory assurance ... from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order that meets the requirements of paragraph (e)(1)(v) of this section." § 164.512 (e)(1)(ii)(B). § 164.512 (e)(1)(v) goes on to define a "qualified protective order" as

> an order of a court ... or a stipulation by the parties to the litigation ... that prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and requires the return to the covered entity or destruction of the protected health information ... at the end of the litigation or proceeding.

State Farm's proposed order meets these mandates. First, paragraph 9 requires the return or destruction of confidential documents, in satisfaction of HIPAA's instructions. Next, paragraph 1 of the order provides that protected information may be deemed confidential such that disclosure is only permissible for the purposes of the litigation and if proper privacy protections are invoked. For instance, paragraph 5 of the proposed order provides that documents or information designated as confidential

> may be offered in evidence at trial or any court hearing, provided that such documents or other information shall, in the Court's discretion, be retained under seal by the Court or the trier of fact ... Any party may also move the Court for an order that the evidence be received *in camera* or under any other conditions to prevent unnecessary disclosure.

Thus, counsel's concerns that "patients' testimony in open court in a public trial before a jury cannot be made to disintegrate" are unfounded.

Counsel incorrectly relies on §164.512 (e)(iii) because here, once State Farm has demonstrated that it has satisfied §164.512 (e)(ii)(B), as it does above, the section has no application. Indeed, §164.512 (e)(ii) allows for disclosure as long as efforts are made to ensure that the individual who is the subject of the protected health information requested has been given notice of the

April 30, 2007
Page 3


request, *or* the party seeking the information efforts are made to secure a qualified protective order. See, e.g., *Caines v. Addiction Research and Treatment Corporation*, 2007 WL 895140 at *1 (S.D.N.Y. March 20, 2007) ("The pertinent regulations issued under the statute explicitly provide that documents containing protected health information are to be produced in discovery in response to a court order, 45 C.F.R. § 164.512(e)(1)(i), or even in response to a discovery request without a court order if the patient has been given notice or the discovering party has made reasonable efforts to obtain 'a qualified protective order.'") Quite simply, neither the case law nor the HIPAA regulations require notice to individual patients when a proper protective order, like the one proposed by State Farm here, is in place.

Defendants' citation to *Northwestern Memorial Hospital v. Ashcroft*, 362 F.3d 923 (7th Cir. 2004) and § 160.203 does not assist them. *Northwestern* held that HIPAA does not operate to impose state privilege law on federal cases. As Your Honor noted during the April 10 conference, the Federal Rules of Evidence, which do not recognize a doctor-patient privilege, apply in federal question cases in which federal law supplies the rule of decision. Indeed, contrary to counsel's citation to § 160.203, New York courts have ruled that New York State statutory and regulatory privilege laws do not preclude disclosure of protected patient information under HIPAA in federal question cases brought in federal court and, thus, patient consent is not required when a qualified protective order is in place. See, e.g., *National Abortion Federation v. Ashcroft*, 2004 WL 555701(S.D.N.Y. March 19, 2004); and *Bayne v. Provost*, 359 F.Supp.2d 334 (N.D.N.Y. 2005). Instead, the procedure for obtaining authority to use medical records in litigation is created by HIPAA regulations, which are satisfied here.

Finally, defendants' contention that under the order, individual patients would be required, at pain of contempt, to keep their own health care information confidential is simply incorrect and has no support in the language of the proposed protective order.

In light of the foregoing, State Farm submits the attached proposed protective order and respectfully requests that Your Honor enter it.

Respectfully submitted,

Keir N. Dougall

**EXHIBIT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

                        Plaintiff,              07-CV-0051 (ENV)(MDG)

-against-

                                          **PROTECTIVE ORDER**

ACCURATE MEDICAL, P.C.,
J P MEDICAL, P.C.,
QUALITY MEDICAL HEALTH CARE
PROVIDER, P.C.,
JADAWIGA PAWLOWSKI, M.D.,
DAVID M. BURKE, M.D., and
HISHAM ELZANATY,
                        Defendants.
------------------------------------------------------------x

     To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, and in satisfaction of 45 C.F.R. § 164.512(e), it is hereby ORDERED:

     1.    **Nondisclosure of "Confidential" Documents or Information**

     A "Confidential" document means any document produced in this litigation which bears the legend "CONFIDENTIAL," or has otherwise been designated as "CONFIDENTIAL" by the person making it available, to signify that it contains information believed to be subject to protection. For purposes of this Order, the term "Confidential Information" shall mean any information that meets the standards for protection under Rule 26(c) of the Federal Rules of Civil Procedure and has been designated as "Confidential Information" as contemplated by this Order. For purposes of this Order, the term "document" means all written, recorded or graphic material, whether produced or created by a party or another person, whether produced pursuant to

subpoena, by agreement, or otherwise and shall include but is not limited to interrogatory answers, transcripts of examinations under oath, transcripts of examinations before trial, responses to requests for admission and other discovery responses that quote, summarize or contain material entitled to protection.

Except with the prior written consent of the party or other person originally designating a document produced in this litigation to be stamped as a "Confidential," or as herein provided under this Order, no document or information produced and designated as "Confidential" in this litigation may be disclosed to any person or entity except as set forth in paragraph 2 below.

Nothing in this Order shall preclude any party from making an application to the Court for an order declaring a document as "Confidential."

2. **Permissible Disclosures of "Confidential" Documents or Information**

a. Notwithstanding Paragraph 1, "Confidential" documents and information may be disclosed to the parties to this action; counsel for the parties in this action; to the partners, associates, secretaries, paralegals, assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation; to persons or entities that are clearly identified in the document as an author, addressee, or carbon-copy recipient; the Court and any Court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the court); and any other person mutually agreed upon by the parties; any person designated by the Court in the interest of justice, upon such terms as the Court may deem just and proper; employees of entities involved solely in one or more aspect of copying, organizing, filing, coding, converting, storing, or retrieving data; any person testifying at a deposition upon such terms as are set forth in Paragraph 4; and any person testifying at trial, upon such terms as the

Court may deem just and proper. Subject to the provisions of Paragraph 2 (b), such documents may also be disclosed to:

        (i)     persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary to testify or to prepare to testify; and

        (ii)    outside consultants or experts retained for the purpose of assisting counsel in the litigation.

        b.     In all such cases where disclosure is to be made to any person or entity listed in Paragraph 2(a) (i) – (ii), such individual or entity must sign the Confidentiality Agreement annexed hereto as Exhibit A prior to disclosure. Any individual or entity listed in Paragraph 2(a) (i) – (ii) that refuses to sign Exhibit A shall not be permitted to have access to or view the "Confidential" document or information. The Attorney making or seeking to make the disclosure shall maintain each executed Confidentiality Agreement in his/her files.

    3.    **Declassification**

A party (or aggrieved person permitted by the Court to intervene for such purpose) may object to the designation of a document or category of documents or information as "Confidential" by first stating such objection in writing to the designating party. If the parties cannot agree on a proper designation for the document(s) or information within 10 business days of written notice, the objecting party or aggrieved person may apply to the Court for a ruling that a document or category of documents or information designated as "Confidential" is not entitled to such status and protection. The party or other person that so designated the document or information shall be given notice of the application and an opportunity to respond. To maintain protected status, the proponent will have the burden of establishing that the information meets the standards that have evolved under Rule 26(c) and must show by a preponderance of the evidence that there is a good cause for the document or information to have such protection. The

document or information, however, shall maintain its original designation as "Confidential" until the Court resolves the dispute over the applicable designation.

    4.    **Use of "Confidential" Documents or Information in a Deposition**

        a.    A deponent may during the deposition be shown and examined about a "Confidential" document or information. The deponent shall be advised on the record that the document or information is governed by a Protective Order and advised of the duty to maintain the confidentiality of such document or information. If a "Confidential" document is entered as an exhibit to the deposition, it shall be kept under seal and protected consistent with the terms of this Protective Order. Deponents shall not retain copies of any "Confidential" document shown to them during the course of their deposition.

        b.    Parties (and deponents) may designate pages of the transcript (and exhibits thereto) as "Confidential." "Confidential" information within the deposition transcript may be designated either at the time of the deposition by stating on the record that the information should be considered "Confidential," or within 21 days after receiving the transcript by underlining the portions of the pages that contain "Confidential" information and marking such pages with the following legend: "CONFIDENTIAL." Unless otherwise agreed, all deposition transcripts shall be deemed "Confidential" during this 21 day period. If a timely designation is made, the "Confidential" portions and exhibits shall be subject to the terms of this Protective Order and may only be accessed and reviewed in accordance with the terms contained in this Protective Order.

    5.    **Use of "Confidential" Documents or Information at a Hearing or Trial**

"Confidential" documents or information may be offered in evidence at trial or any court hearing, provided that such documents or other information shall, in the Court's discretion, be retained under seal by the Court or the trier of fact and be subject to the terms of this Protective

Order. Any party may also move the Court for an order that the evidence be received *in camera* or under any other conditions to prevent unnecessary disclosure. Nothing contained in this paragraph shall prohibit any party from moving the Court for any other order that the party may deem appropriate.

With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party deems that any questions or line of questioning calls for the disclosure of "Confidential" information, counsel may designate on the record that such information is subject to the terms of this Protective Order. Subject to further order of the Court, any presentation of "Confidential" information to this Court or prior to trial shall be made in the presence of only the presiding officer and other court personnel, jurors, an authorized court reporter, the parties to this action, counsel of record for the parties, the witness who will be questioned on such document(s) at any hearing or trial, and such other persons to whom disclosure is permitted under the terms of this Order. Prior to the disclosure of any "Confidential" documents or information, the presiding officer or Clerk of the Court shall advise all court personnel, jurors, witnesses and court reporters of the confidential nature of this information and of the duty to maintain the confidentiality of such information.

6.  **Use of "Confidential" Documents and Information in Legal Documents**

In order to use in a motion or any other court proceeding any document that has been deemed and marked "Confidential," that document must be presented to the Court under seal, along with a request that the document be kept and maintained under seal. Unless the producing party first waives this requirement, any document or portion thereof found by the Court to be "Confidential" shall remain under seal for a period of 150 days after final termination of this litigation. Nothing herein shall preclude a party from requesting that the Court extend the sealing period upon good cause shown.

If any information designated as "Confidential" is quoted, attached to, or substantially paraphrased in any pleading, motion, memorandum, appendix, or other judicial filing it shall be submitted in its entirety under seal. Disclosure of any portion of the transcript of a deposition which reflects or contains "Confidential" information or documents shall render the pleading, motion, memorandum, appendix or other judicial filing subject to the terms of this Protective Order and such document shall be filed under seal. Nothing contained herein limits a producing party's use or disclosure of its own discovery material.

7. **Use**

Persons obtaining access to "Confidential" documents or information under this Order shall use the information only for preparation of this matter for trial, trial of this matter and any appeal of this matter, and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings.

In the event that any person or entity referred to in paragraph 2 of this Order is served with legal process or otherwise requested to disclose any confidential information (the "Disclosing Entity") by any person or entity not covered by this Protective Order, including, without limitation, other insurance carriers, state, local or federal agencies, or litigants in other litigation (the "Requesting Entity"), the Disclosing Entity shall give notice thereof, by telephone and facsimile, as soon as practicable but in any event sufficiently prior to the requested disclosure to afford an opportunity to intervene for any party who may be adversely affected by the disclosure, except that if the legal process is a search warrant, the Disclosing Entity shall give notice, by telephone and facsimile, thereof, as soon as practicable.

8. **Non-Termination**

The provisions of this order shall not terminate at the conclusion of this action. Within 120 days after final conclusion of all aspects of this litigation, "Confidential" documents and all

    copies (including summaries and excerpts) shall be returned to the party or person that produced such documents or, at the option of the producer, be destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than 150 days after final termination of this litigation.

**9. Modification Permitted**

Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

**10. Responsibility of Attorneys**

The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control duplication of, access to, and distribution of copies of "Confidential" documents, including notifying all persons who receive or are allowed to view "Confidential" information that the information is "Confidential" and subject to the protections of this Order.

**11. No Waiver**

a. Review of "Confidential" documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

b. The inadvertent, unintentional, or *in camera* disclosure of "Confidential" or privileged documents shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality or privilege, as to the documents themselves, or as to any other documents or information not disclosed. Nothing contained in this paragraph shall prevent a party from moving the Court for an order declaring that a disclosure was inadvertent or unintentional.

c.  The intentional disclosure of a confidential document in a manner in violation of or inconsistent with the terms of this Order shall be submitted to the Court for consideration of appropriate sanctions.

    d.  Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the "Confidential" documents sought.

                **SO ORDERED:**

Date:_____       _____
                    **MARILYN D. GO**
                    **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

                Plaintiff,          07-CV-0051 (ENV)(MDG)

-against-

ACCURATE MEDICAL, P.C.,
J P MEDICAL, P.C.,
QUALITY MEDICAL HEALTH CARE
PROVIDER, P.C.,
JADAWIGA PAWLOWSKI, M.D.,
DAVID M. BURKE, M.D., and
HISHAM ELZANATY,

                Defendants.
------------------------------------------------------------x

## CONFIDENTIALITY AGREEMENT

    I, _____, state the following:

    1.    I have read and understand the attached Protective Order (the "Order"), and I attest to my understanding that access to information designated as "Confidential" may be provided to me and that such access shall be pursuant to the terms and conditions and restrictions of the Order. I agree to be bound to the terms of the Order, both with respect to this Court's powers of supervision of the litigation of the above-captioned case and to the party that produced the protected documents and information.

    2.    I shall not use or disclose to others, except in accordance with the Order, any "Confidential" documents or information. If I fail to abide by the terms of this Confidentiality Agreement or the Order, I understand that I shall be subject to sanctions by way of contempt of court and to separate legal and equitable recourse by the adversely affected party. I further consent to the exercise of personal jurisdiction by this Court and waive any objection as to venue in connection with any effort to enforce this Confidentiality Agreement.

Date:_____                        _____
                                                                                Signature

**EXHIBIT A**

**EXHIBIT B**

<div align="center">
Neal Wiesner<br>
Attorney at Law*<br>
80 Bay Street Landing, 1K<br>
Staten Island, New York 10301<br>
(718) 556-1212<br>
Fax: (718) 556-0118
</div>

* Admitted To Practice in New Jersey,
N.J. Dist. Ct., S.D.N.Y., E.D.N.Y., N.D.N.Y., 2nd Cir., 3rd Cir.

Manhattan Office (Not For Service Of Papers)
One Maiden Lane - 9th Floor
New York, New York 10038

April 26, 2007

Alexis Laren Cirel, Esq.
Katten Muchin Rosenman LLP
575 Madison Avenue
New York, New York 10022

<u>By Fax & First Class Mail</u>

Re: <u>State Farm Mutual Automobile Insurance Company v Accurate Medical, P.C., et al</u>, 07 CV 0051 (ENV)(MDG) (EDNY)

Dear Ms. Cirel,

    I write in response to your letter dated April 23, 2007.

    To the extent plaintiff takes this proposed Order as authorizing the release of protected medical information, we respectfully disagree.

    As an initial matter, a mere incantation that an Order is in satisfaction of 45 C.F.R. § 164.512 (e) does not make it so.

    As you know, 45 C.F.R. § 164.512 (e) provides, in pertinent part:

> (1) Permitted disclosures. A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:
>
> * * *
>
> (ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

Alexis Lauren Cirel, Esq.
April 26, 2007
Page Two

>   (A) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or
>
>   (B) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iv) of this section, from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order that meets the requirements of paragraph (e)(1)(v) of this section.

We do not believe the proposed Order can be the mechanism for the release of protected information in this action. As set forth in § 164.512 (e)(1)(v):

>   * * *
>
>   For purposes of paragraph (e)(1) of this section, a qualified protective order means, with respect to protected health information requested under paragraph (e)(1)(ii) of this section, an order of a court or of an administrative tribunal or a stipulation by the parties to the litigation or administrative proceeding that:
>
>   (A) Prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and
>
>   (B) Requires the return to the covered entity or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding.

Alexis Lauren Cirel, Esq.
April 26, 2007
Page Three

Since we are dealing with personally identifiable protected health information, we do not believe that the proposed Order can suffice as a qualified protective order ("QPO"). Even assuming *arguendo* that deposition transcripts where patients are compelled to discuss their health care treatment could be destroyed at the end of this litigation, patients' testimony in open court in a public trial before a jury cannot be made to disintegrate.

To be sure, we recognize that plaintiff, as a matter of strategy, would prefer the parties to be confined to paper records from which its experts – who have never seen the patients involved – may opine. But we do not believe that we can properly be required to join in a remedy which serves only to unfairly disadvantage the defendants while compromising their defense and frustrating the truth-seeking process, nor do we believe that plaintiff is entitled to such a remedy.

In any event, in a practical sense the proposed QPO is insufficient to deal with the interests and rights involved. For instance, under the proposed QPO, a patient shown his or her record in the course of deposition would be bound by confidentiality with respect to that patient's own health care information, and under threat of contempt at that.

Pursuant to § 164.512 (e)(1), HIPAA provides a vehicle whereby plaintiff may properly allow this otherwise personally identifiable protected health information to be publicly splayed:

> (iii) For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protecting health information if the covered entity receives from such party a written statement and accompanying documentation demonstrating that:
>
>> (A) The party requesting such information has made a good faith attempt to provide written notice to the individual (or, if the individual's location is unknown, to mail a notice to the individual's last known address);

Alexis Lauren Cirel, Esq.
April 26, 2007
Page Four

    (B) The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

    (C) The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:

      (1) No objections were filed; or

      (2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

  The foregoing assumes the process under § 164.512 (e) applies at all, a point we cannot concede in light of 45 C.F.R. § 160.203 in juxtaposition with, *inter alia*, New York Education Law § 6509 (see, also, Northwestern Memorial Hospital v Ashcroft, 362 F.3d 923, 925 [7th Cir. 2004] [holding state evidentiary privileges not imposed by HIPAA on suits to enforce federal law although issue "not free from doubt"]). Indeed, it is our view that under the particular circumstances at hand a rending of the rights of innocent patients to the extent anticipated should not occur without those parties' voices being heard at minimum.

  To the extent a protective order is warranted for materials other than personally identifiable protected health information, we would be pleased to discuss entering into a suitable order if you would kindly individuate your areas of concern.

  We look forward to discussing this further with you. I am available for a conference Monday morning any time after 10 a.m. if that suits the convenience of the parties.

  Thank you for your courtesies.

               Very truly yours,

               Neal Wiesner

Alexis Lauren Cirel, Esq.
April 26, 2007
Page Five


cc:   (<u>By Fax & First Class Mail</u>)
      Wolodymyr M. Starosolsky, Esq.
      W.M. Starosolsky & Associates, P.C.
      40 Exchange Place, Suite 1706
      New York, New York 10005

      Michael Steven Kelton, Esq.
      Lippman Krasnow & Kelton, LLP
      380 Lexington Avenue - 36th Floor
      New York, New York 10168

      David Todd Verschell, Esq.
      Lippman Krasnow & Kelton, LLP
      380 Lexington Avenue - 36th Floor
      New York, New York 10168