UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

               Plaintiff,         DECISION AND PROTECTIVE
                                           ORDER
      - against -
                                           CV 2007-0051 (ENV)(MDG)
ACCURATE MEDICAL, P.C., et al.,

               Defendants.

- - - - - - - - - - - - - - - - - - -X

GO, United States Magistrate Judge:

    Plaintiff State Farm Insurance Company moves for a protective order to limit the disclosure of patients' medical information expected to be produced in discovery. Defendants Accurate Medical, P.C., J.P. Medical, P.D., Quality Medical Health Care Provider, P.C., Jadawiga Pawlowski, M.D. and Hisham Elzanaty oppose plaintiff's application on various grounds. This motion is granted as set forth below.

## DISCUSSION

    Defendants argue that New York state law prohibits the disclosure of a patient's medical records in discovery. In contrast, plaintiff contends that federal law permits such disclosure pursuant to an appropriate protective order.

    The Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. §§ 1320 et seq., provides for

preemption of inconsistent state medical privacy laws except when those laws are more stringent than the standards set by regulations promulgated under HIPAA.  See 42 U.S.C. § 1320d-7(a)(2)(B).  Although New York state law is more stringent than the law under HIPAA, since this case arises under federal law, whether the information should be disclosed is governed by federal law.  See Von Bulow v. Von Bulow, 811 F.2d 136, 141 (2d Cir. 1987) (federal privilege law generally applies in federal question cases); Kaufman v. Edelstein, 539 F.2d 811 (2d Cir. 1976).  Accordingly, HIPAA and the regulations promulgated thereunder govern, which permit the disclosure of patient records in legal proceedings if ordered by the court or if made pursuant to a qualified protective order.  See Northwestern Memorial Hosp. v. Ashcroft, 362 F.3d 923, 925-26  (7th Cir. 2004); EEOC v. Boston Market Corp., No. CV 03-4227, 2004 WL 3327264, at *4 (E.D.N.Y. Dec. 16, 2004); Kalinoski v. Evans, 377 F. Supp. 2d 136, 140-41 (D.D.C. 2005); National Abortion Federation v. Ashcroft, No. 03 Civ. 8695 (RCC), 2004 WL 555701, at *2-*3 (S.D.N.Y. March 19, 2004).  Moreover, contrary to defendants' suggestion, it is well settled that there is no physician-patient privilege under federal law that would protect the records at issue here.  See Barnes v. Glennon, No. 9:05-CV-0153, 2006 WL 2811821, at *4 (N.D.N.Y. Sept. 28, 2006); United States v. Clarke, No. CRIM. 3:04 CR SRU, 2005 WL 3645003, at *3 (D. Conn. July 9, 2005); Manessis v. New York City Dep't of Transp., No. 02

CIV. 359, 2002 WL 31115032, at *2 (S.D.N.Y. Sept. 24, 2002); see also In re Doe, 711 F.2d 1187, 1193 (2d Cir. 1983).

Indeed, many federal courts in this Circuit have required the production of the medical records of non-parties pursuant to HIPAA's regulations. See, e.g., Caines v. Addiction Research and Treatment Corp., No. 06 Civ. 3399, 2007 WL 895140, at *1 (S.D.N.Y. March 20, 2007); Ryan v. Staten Islnad Univ. Hosp., 2006 WL 3497875, at *5-*6 (E.D.N.Y. Dec. 5, 2006); Nat'l Abortion Federation, 2004 WL 555701, at * 6; Boston Market, 2004 WL 3327264, at *6. Under those regulations, protected health information may be disclosed without patient consent, in response to a discovery request, under a protective order that prohibits the use of the protected information outside the litigation process and requires the return or destruction of the records, including all copies made, at the conclusion of the litigation. See Nat'l Abortion Federation, 2004 WL 555701, at *2; Boston Market, 2004 WL 3327264, at *4; 24 C.F.R. § 164.512(e)(1)(ii), (v). Plaintiff's proposed protective order complies with these requirements.

Defendants' other objections are without merit.

Accordingly, the attached Protective Order and Confidentiality Agreement (the "proposed order") is approved, subject to the following modifications and qualifications:

(A) Supplementing paragraph 1 of the proposed order, no document may be designated as "Confidential" unless counsel

making the designation reasonably believes that the document contains medical or financial information concerning non-parties, or other personal or identifying information (such as names, addresses and zip codes, all dates except years, Social Security numbers, telephone and fax numbers, email addresses, medical record numbers, health plan benefit numbers, account numbers, license numbers, vehicle identifiers, device identifiers, internet addresses, biometric identifications, photogrpahs of a person's full face and any other unique identifying characteristic or code).

(B) Deposition testimony shall be subject to requirements of paragraph 4 of the proposed order only if it contains confidential information as described above in paragraph (A). Paragraph 4 shall not apply to deposition testimony referring to a document that is "Confidential," but which does not mention information that is confidential.

(C) The parties must use best efforts to minimize the need to file documents under seal, while protecting the privacy interests of non-parties. If a party does not intend to refer to the substance of information in a document which is the basis for a confidential designation, such information should be redacted and the document filed or used in redacted form without the need to file an unredacted copy of said document under seal. If the substance of confidential information contained in a document is relevant to an issue to be addressed in papers filed with the

Court, then the submission may be filed under seal. However, prior to filing or presenting to the Court a document containing confidential information, the parties must discuss whether said document can be filed without sealing, if the names and other identifying information are redacted or codes used in lieu of names to protect the identity of the persons involved. If the document can be filed without sealing by the use of codes, the party must file a reference under seal. The reference list shall contain the complete personal data identifier(s) and the redacted identifier(s) used in its (their) place in the filing. All references in the case to the redacted identifiers included in the reference list will be construed to refer to the corresponding complete personal data identifier. The reference list must be filed under seal, and may be amended as of right. The unredacted version of the document or the reference list shall be retained by the court as part of the record. The court may, however, still require the party to file a redacted copy for the public file.

(D) A party submitting a document under seal shall provide the Court with a complete unredacted copy of the submission. The first page of the submission must indicate what portions have been redacted and filed under seal and the top of every page containing confidential information shall bear the notation "This page filed under seal."

## CONCLUSION

For the foregoing reasons, plaintiff's motion for a protective order is granted as set forth above.

**SO ORDERED.**

Dated: Brooklyn, New York
May 10, 2007

/s/_____
MARILYN DOLAN GO
UNITED STATES MAGISTRATE JUDGE