UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, and
STATE FARM FIRE & CASUALTY COMPANY,

        Plaintiffs,

-against-              07-CV-0051 (SLT)(JMA)

ACCURATE MEDICAL, P.C.,
J P MEDICAL, P.C.,
QUALITY MEDICAL HEALTH CARE
PROVIDER, P.C.,
JADAWIGA PAWLOWSKI, M.D.,
DAVID M. BURKE, M.D., and
HISHAM ELZANATY,

        Defendants.
------------------------------------------------------------x

### FIRST SET OF DOCUMENT REQUESTS TO DEFENDANTS ACCURATE MEDICAL, P.C., J P MEDICAL, P.C., AND QUALITY MEDICAL HEALTH CARE PROVIDER, P.C.

Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire & Casualty Company (collectively "State Farm"), by its counsel and pursuant to Federal Rules of Civil Procedure 26 and 34, hereby request that defendants Accurate Medical PC, J P Medical PC, and Quality Medical Health Care Provider PC, produce the documents and things described herein for inspection and copying at the offices of Katten Muchin Rosenman, LLP, 575 Madison Avenue, New York, New York 10022, within thirty (30) days of service hereof.

### DEFINITIONS

1. The term "you", "your" or "Defendant PCs" means defendants Accurate Medical, P.C., J P Medical, P.C., Quality Medical Health Care Provider, P.C., any predecessor or

successor entities, and any of their respective employees, agents or other persons acting on their behalf.

2.  The term "Consultations" means neurological consultations rendered for diagnostic purposes to individuals who claim to be involved in automobile accidents and to be eligible for No-Fault insurance benefits under State Farm's policies.

3.  The term "NCV Tests" means Nerve Conduction Velocity tests.

4.  The term "EMG Tests" means Electromyography tests.

5.  The term "SEP Tests" means Somatosensory Evoked Potential tests.

6.  The term "BEP Tests" means Brainstem Evoked Potential tests.

7.  The term "Tests" means the NCV Tests, EMG Tests, SEP Tests, and BEP Tests defined in paragraphs 3 through 6 of these Definitions.

8.  The term "Clinics" means any of the clinics and clinic locations identified in paragraph 12 of State Farm's Complaint.

9.  The term "doctor" includes without limitation any medical doctor, doctor of osteopathic medicine, and/or chiropractor.

10. The term "document" or "documents" shall mean every original (and every copy of any original or copy which differs in any way from any original), every writing or recording of every kind or description, whether handwritten, typed, drawn, sketched, printed, computerized or recorded by any mechanical, electronic or electrical means whatsoever, including without limitation books, records, papers, letters, instructions, pamphlets, brochures, circulars, advertisements, specifications, blueprints, maps, plats, surveys, drawings, sketches, graphs, charts, plans, reports, correspondence, e-mails, faxes, communications, memoranda, notes, notebooks, lists, analyses, financial statements, bank statements, deposit tickets, wire transfers,

solicitations, power points, charts, minutes, calendars, appointment books, itineraries, cancelled checks, vouchers, receipts, contracts, agreements, invoices, written memorials or oral communications, photographs, films, video tapes, audio tapes, recordings and compilations of data or other information, including any compilations from which information can be obtained. The term "document" or "documents" shall have the broadest meaning possible consistent with the terms of the Federal Rules of Civil Procedure.

11. The term "communications" means all discussions, conversations, meetings, conferences, telephone conversations, interviews, negotiations, agreements, understandings, cards, letters, correspondence, telegrams, telexes, electronic mail, voicemail, or other forms of written or verbal interchange, however transmitted or stored, including reports, memoranda, lists, agenda and other records of any communications.

12. The term "person" shall mean: (a) natural persons; and, (b) legal entities, including, without limitation, corporations, partnerships, firms, associations, professional corporations, government agencies and proprietorships.

13. The term "Insured" shall mean any person on whom Eletrodiagnostic tests were performed and for which you received an assignment of No-Fault benefits.

14. The term "relating to" means concerning, referring to, pertaining to, describing, referencing, evidencing, constituting or substantiating, and shall have the broadest meaning possible consistent with the terms of the Federal Rules of Civil Procedure.

15. The term "payment" means the transfer of anything of value and includes, but is not limited to, a discharge of indebtedness.

16. The term "technician" includes any individuals who have performed the Tests.

17. These Definitions incorporate by reference the definitions in Local Civil Rule 26.3(c) of the Eastern District of New York.

## INSTRUCTIONS

1. For each document you produce, please identify: (i) the specific Request(s) to which the document is responsive, and (ii) the file(s) and document storage location(s) in which that document exists or was found by you.

2. If a responsive document does not relate to a claim involving State Farm, you may redact any patient identifying information.

3. If any document described in any response to these document requests is no longer in your possession, custody, control, or care, state whether the document: (i) is missing or lost; (ii) has been destroyed; (iii) has been transferred voluntarily or involuntarily to others; or (iv) has been otherwise disposed of or discarded. In each situation, please state the facts surrounding such disposition, and identify the person(s) directing or authorizing that disposition, and the disposition date.

4. Any information or document responsive to these document requests that is not produced or disclosed by reason of a claim of privilege or work product, or for any other reason, shall be identified by: (i) the date the document was created; (ii) general subject matter; (iii) identity of person(s) to whom the information, or any portion thereof, has been revealed; (iv) identity of person(s) from whom the information was communicated; and (v) the basis upon which the information is being withheld.

5. The singular form of any word shall include the plural and the plural shall include the singular.

6. The terms "and," "or," and "and/or" shall be construed conjunctively or disjunctively as necessary to bring within the scope all responses which might otherwise be construed as outside its scope.

7. You shall furnish all information available to you as of the date of your responses hereto and shall supplement such responses as required by Rule 26(e) of the Federal Rules of Civil Procedure.

8. You may redact patient identifying information from any responsive document that does not relate to the claims identified in Exhibit B to the Complaint.

9. Unless otherwise specified, the time period applicable to these requests is 1998 to the present.

10. These Instructions incorporate by reference the rules of construction in Local Civil Rule 26.3 of the Eastern District of New York.

## DOCUMENT REQUESTS

1. All bank records for any account into or from which funds relating to you or any other defendant were deposited or disbursed including, but not limited to, account statements, cancelled checks, deposit and withdrawal items, deposit and withdrawal slips, signature cards, loan applications, investment accounts, CTRs, Form 1099s, documents related to the opening or closing of any account, and documents related to any reporting or filing with any governmental agency.

2. All documents relating to any transactions which generated cash or currency to be used in any way by or for you or any other defendant in this case.

3. All documents relating to any machine, equipment or device used to perform or interpret the Tests and/or Consultation, including, but not limited to, documents relating to the type, quality or utility of the machine, equipment or device, published studies, instruction manuals, warranty documents, brochures, promotional materials, and purchase orders.

4. All documents relating to the purchase or lease of any machine, device or equipment used to perform or interpret the Tests and/or Consultations.

5. All documents relating to any research studies, including any peer review and/or double blind studies regarding protocols and/or standard operating procedures for or the diagnostic value of any of the Tests to identify abnormalities or injury.

6. All articles, publications, speeches, presentations, newsletters, videos, or other electronic media regarding your services, the Tests or the Consultations.

7. All documents relating to or containing discussions about normal ranges against which the Tests' results are compared to diagnose abnormalities.

8. All documents relating to protocols and/or standard operating procedures for the performance and/or interpretation of the Tests and/or Consultations.

9. All documents relating to any quality assurance program for the performance and/or interpretation of the Tests and/or Consultations.

10. All documents relating to any person who performed or is performing the Tests on patients who are insured by State Farm including, but not limited to, documents relating to those persons' certification, licensure, authorization, training, education, experience, resume, and/or curriculum vitae.

11. All documents relating to the identity of the technician(s) who performed the Tests in the claims identified in Exhibit B to the Complaint, the dates that documents relating to

each such test were sent to and received by you or any of the other defendants in this case, and/or the number of Tests performed by the technicians on the same dates that they performed such tests.

12. All personnel or work records for any individual employed by you or working on your behalf including, without limitation, all documents relating to W-4 and I-9 forms for your employees and all documents relating to any person who worked for you as an independent contractor or consultant.

13. All documents relating to protocols and/or standard operating procedures for the Tests, CPT codes for the Tests, the number of billing units for the Tests and/or reasonable charges for the Tests including, without limitation, documents relating to research performed relating to such protocols or standard operating procedures.

14. All documents relating to protocols and/or standard operating procedures for the Consultations, CPT codes for the Consultations, the number of billing units for the Consultations and/or reasonable charges for the Consultations including, without limitation, documents relating to research performed by or for your relating to such protocols or standard operating procedures.

15. All documents relating to any utilization review performed regarding the Tests.

16. All marketing materials relating to your services, the Tests and/or the Consultations.

17. All documents relating to actual or potential financial benefits to any person if doctors recommend or prescribe the Tests and/or the Consultations for persons who are insured by State Farm.

18. All documents relating to the recruitment of doctors and/or technicians including, but not limited to, advertisements in journals or other professional publications.

19. All documents relating to the Tests and Consultations identified in Exhibit B to the Complaint or performed on any other individual insured by State Farm including, but not limited to, all patient and clinical information regarding the patients who were subjected to the Tests or were the subject of the Consultations.

20. All documents relating to all claims that any of the Defendant PCs have submitted or caused to be submitted to State Farm for services and items purportedly provided to any State Farm insured including, but not limited to, all sign-in sheets, examination records, treatment records, narrative reports and requests for reimbursement.

21. The patient files for any patient insured by State Farm who received the Tests.

22. All documents relating to the Consultations described in Plaintiff's complaint.

23. All documents relating to communications with any person regarding the performance, interpretation or results of the Tests identified in Exhibit B to the Complaint or performed on any other individual insured by State Farm.

24. All documents relating to communications with any person regarding the performance, interpretation or results of the Consultations identified in Exhibit B to the Complaint or performed on any other individual insured by State Farm.

25. All documents relating to every instance in which any person requested that the Tests be performed on a patient in any of the claims identified in Exhibit B to the Complaint or on any other individual insured by State Farm, or that additional Tests be performed on any such patient.

26. All documents relating to any changes made to the treatment plans for any of the patients involved in the claims identified in Exhibit B to the Complaint or for any other individual insured by State Farm, based upon the results of the Tests and/or the Consultations.

27. All data and tracings (i.e. wave forms) produced in connection with the Tests identified in Exhibit B to the Complaint.

28. All documents relating to any and all agreements, financial arrangements or transactions between or among any of the defendants in this case.

29. All documents relating to the circumstances under which any employment, work or financial relationships with any other defendant in this case terminated.

30. All documents relating to communications with, between or among any of the defendants in this case relating to the Tests and/or Consultations.

31. All documents relating to any payment between or among any of the defendants in this case.

32. All documents including, but not limited to, bills, checks, ledgers, notations, and invoices relating to any payment made to or received from any of the defendants in this case or any person on whose behalf you provided services relating to the Tests and Consultations including, but not limited to, payments relating to clinics, management companies, or professional corporations.

33. All documents relating to any communication with any patient who received the Tests for whom any of the defendants in this case or their agents sought payment from State Farm.

34. All documents relating to all corporate formalities followed by Accurate Medical, P.C., including, but not limited to, articles of incorporation, reports filed with State agencies, by-laws, shareholder agreements, stock certificates, minutes and resolutions.

35. All documents relating to all corporate formalities followed by J P Medical, P.C., including, but not limited to, articles of incorporation, reports filed with State agencies, by-laws, shareholder agreements, stock certificates, minutes and resolutions.

36. All documents relating to all corporate formalities followed by Quality Medical Health Care Provider, P.C., including, but not limited to, articles of incorporation, reports filed with State agencies, by-laws, shareholder agreements, stock certificates, minutes and resolutions.

37. All telephone records including, but not limited to, cellular telephone records for any telephone used to conduct any aspect of your business.

38. All documents relating to any payment made to any person in connection with the services provided by Ahmed Elfiky, Syed Jalal, and/or defendant David M. Burke.

39. All documents relating to any payment made to any person in connection with the services rendered at any of the Clinics.

40. All documents relating to any payment made to any person in connection with services rendered to patients insured by State Farm at any professional corporation relating to the Tests and/or Consultations.

41. All documents relating to any transactions, agreements or financial arrangements with any person who has provided you with billing, management, consulting and/or tax preparation services and all documents relating to any payments made to or received from any such person including, but not limited to, Hisham Elzanaty.

42. All agreements with any doctor who or professional corporation which has ordered or interpreted the Tests and/or performed the Consultations and all documents relating to payments made or received pursuant to such agreements.

43. All documents relating to any suggested or required minimum number of the Consultations and/or Tests to be ordered by any doctor.

44. All documents relating to the selection of the billing codes that have been used in connection with charges submitted to State Farm for the Tests and/or the Consultations.

45. All documents relating to compensation and benefits paid to persons who performed the Tests and/or Consultations and any other expenses incurred in arranging for persons who performed the Tests and/or Consultations to travel to doctors' offices and to perform the Tests.

46. All documents relating to any agreements or financial arrangements between or among any of the defendants in this case and any persons providing management, billing, consulting, or tax preparation services.

47. All documents relating to any agreements or financial arrangements between or among any of the defendants in this case, their management companies, and/or the clinics where the Tests and/or Consultations were performed.

48. All agreements with any doctor or professional corporation who has ordered or interpreted the Tests and/or performed the Consultations and all documents relating to payments made or received pursuant to such agreements.

49. All documents relating to ownership, operation and control of your business.

50. All documents that identify Jadawiga Pawlowski, M.D. as the Medical Director for any of the defendants.

51. All documents relating to assignments of benefits from any person insured by State Farm.

52. All documents relating to any agreement, financial arrangement or transaction between any of the Defendant PCs and any other individual or entity that has rendered any service at the locations of the Clinics or the Defendant PCs, or that relate to any payment made or received pursuant thereto.

53. All documents relating to any ownership interest that you have had or income that you have received from any entity that has provided health care services and/or health care items.

54. All documents relating to any authorization you have had to sign the name or apply the signature stamp of any doctor to any document that has been submitted to State Farm to collect charges for the Tests and/or the Consultations.

55. All signature stamps prepared for any healthcare provider that did work for the Defendant PCs, and any document that refers or relates to such signature stamp.

56. All documents relating to the employment or independent contractor status of each individual who provided services (both healthcare related and non-healthcare related) for or on behalf of the Defendant PCs, including but not limited to all IRS W-4, IRS W-2, IRS 1099 and INS I-9 forms, as well as other IRS 1099 forms issued by the Defendant PCs.

57. All documents relating to any services performed by or agreements with any individuals or entities regarding the creation or submission of claims for reimbursement to insurers.

58. All documents relating to any application for any license, certification or authorization to conduct your business.

59. All documents relating to the licensure, authorization, certification, or credentials of any individual that provided healthcare-related services for or on behalf of any of the Defendant PCs.

60. All documents relating to any communication with any professional association, or local, state or federal agency regarding your business, your professional practices, the Tests, the Consultations, and/or other health related services and items.

61. All documents relating to any criminal, disciplinary, administrative or malpractice investigation or proceeding involving you or any other defendant in this case.

62. All documents relating to payments received from any person including, but not limited to, State Farm or any other source, for the Tests and/or Consultations identified in Exhibit B to the Complaint or performed on any other individual insured by State Farm.

63. All documents relating to any attempt to collect charges from any person including, but not limited to, State Farm or any other source or individual, for the Tests and/or Consultations identified in Exhibit B to the Complaint or performed on any other individual insured by State Farm.

64. All documents relating to the creation of and/or revisions to the initial examination reports, consultation reports, and narrative reports identified in paragraphs 14 through 17 of the Complaint.

65. All documents relating to agreements including, but not limited to, leases, contracts and rental agreements relating to the Tests.

66. Your federal, state and local income and payroll tax returns for the years 1998 through the present.

67. All documents relating to any workers' compensation and/or unemployment insurance obtained by you.

68. All documents relating to any professional malpractice and/or liability coverage obtained to insure the activities of you, your employees or your agents.

69. Your general ledgers for the years 1998 through the present.

70. All documents relating to the financial records of the Defendant PCs including, but not limited to general ledgers, account payable registers, account receivable registers, and all related books and records in which the Defendants PCs' business transactions are recorded, for the years 1998 to the present.

71. All documents relating to the ownership, lease, or use of office space, or of any building used for office space, for any of the Defendant PCs, and that relate to any payments relating to such ownership, lease, or use of space.

72. All documents relating to the ownership, lease or use of space by, or ability to treat of any of the Defendant PCs, and documents relating to any payments relating to such ownership, lease, use of space, or ability to treat.

73. All advertisements (including copies) placed in any publication that solicit healthcare providers to work for the Defendant PCs.

74. All documents relating to any expert with whom any defendant or their counsel have consulted in connection with this case, including without limitation:

    a. A current resume or curriculum vitae of the expert;

    b. All promotional material or brochures regarding the expert;

    c. All documents and tangible things that have been made or prepared by the expert in any way relating to this litigation including, without limitation, summaries, drafts, draft reports, affidavits, analyses, memoranda, notes, calculations, charts, or spread sheets;

    d. All documents and tangible things that have been made available to, relied upon or used by the expert in connection with this case;

      e.    All letters and correspondence between any defendant or defendant's agent and any person who may be called as an expert witness;

      f.    A written report prepared and signed by the expert which contains:

          (i)    a complete statement of any opinions to be expressed;

          (ii)    the basis and reasons for each opinion to be expressed;

          (iii)    the data or other information considered in forming the opinion;

          (iv)    any exhibits to be used as a summary of or support for the opinion; and

          (v)    all documents relied upon or used in formulating the opinion which the expert received or obtained from any source.

75.    All documents identified in your 26(a)(1) disclosures.

76.    All documents identified in your response to State Farm's First Set of Interrogatories.

77.    All documents reviewed or consulted in connection with preparing your answers to State Farm's First Set of Interrogatories.

78. All documents, to the extent not produced pursuant to other items in this request, which any defendant may seek to introduce in evidence at the trial of this action.

Dated: New York, New York
       June 25, 2007

KATTEN MUCHIN ROSENMAN LLP

By: _____
Ross O. Silverman (RS 4567)
Jay Shapiro (JS 2499)
Keir N. Dougall (KD 5252)
Alexis L. Cirel (AC 9067)
575 Madison Avenue
New York, NY 10022
(212) 940-8800

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, and
STATE FARM FIRE & CASUALTY COMPANY,

                Plaintiffs,

-against-

                              07-CV-0051 (SLT)(JMA)

ACCURATE MEDICAL, P.C.,
J P MEDICAL, P.C.,
QUALITY MEDICAL HEALTH CARE
PROVIDER, P.C.,
JADAWIGA PAWLOWSKI, M.D.,
DAVID M. BURKE, M.D., and
HISHAM ELZANATY,

                Defendants.
------------------------------------------------------------x

## CERTIFICATE OF SERVICE

        I, KEIR N. DOUGALL, certify that on June 25, 2007, I caused true and correct copies of the foregoing FIRST SET OF DOCUMENT REQUESTS TO DEFENDANTS ACCURATE MEDICAL, P.C., J P MEDICAL, P.C., AND QUALITY MEDICAL HEALTH CARE PROVIDER, P.C., to be placed in properly addressed, postage pre-paid envelopes and to be delivered by U.S. Mail to the following:

Wolodymyr M. Starosolsky, Esq.
Law Offices of W.M. Starosolsky & Associates, P.C.
40 Exchange Place, Suite 1706
New York, New York  10005

Neal Wiesner, Esq.
80 Bay Street Landing, 1K
Staten Island, New York  10301

Michael S. Kelton, Esq.
380 Lexington Avenue
New York, New York  10168

                                                      _____
                                                      Keir N. Dougall (KD-5252)