UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

              Plaintiff,        ORDER

       - against -        CV 2007-0051 (ENV)(MDG)

ACCURATE MEDICAL, P.C., et al.

              Defendants.

- - - - - - - - - - - - - - - - - - -X

Five of the six defendants in this action, Accurate Medical, P.C., J.P. Medical, P.C., Quality Medical Health Care Provider, P.C. (the "PC defendants"), Hisham Elzanaty and David M. Burke, M.D. (collectively "the moving defendants"), move for a stay of discovery pending the Court's decision on their motions to dismiss.[1] Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") opposes the moving defendants' application. For the following reasons, this application is denied.

## BACKGROUND

State Farm seeks to recover $1.75 million it paid as a result of defendants' alleged scheme to submit fraudulent no-fault insurance claims. Specifically, State Farm alleges that defendants submitted no-fault claims for hundreds of unnecessary neurological consultations and tests performed on individuals who

---

[1] A bankruptcy stay is in effect with respect to defendant Jadwiga Pawlowski, M.D.

were injured in automobile accidents and who were eligible for coverage under State Farm's insurance policies. Defendants not only misrepresented that the consultations and tests were necessary, but they also used false billing codes to exaggerate the level of services provided. Further, the PC defendants fraudulently represented to State Farm that they were owned and controlled by a licensed physician, when, in fact, they were owned and controlled by defendant Elzanaty. In order to evade detection of the volume and pattern of fraudulent charges submitted by any one of the PC defendants, those entities were created with different names and tax identification numbers. To recover money damages and a declaratory judgment prohibiting the PC defendants from recovering on any unpaid claims, State Farm brings this action based on common law fraud, unjust enrichment and the Racketeering Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. §§ 1961 et seq.

## DISCUSSION

A party seeking a stay of discovery pursuant to Fed. R. Civ. P. 26(c) bears the burden of showing good cause. Telesca v. Long Island Hous. P'ship, Inc., No. CV 05-5509, 2006 WL 1120636, at *1 (E.D.N.Y. Apr. 27, 2006); Spencer Trask Software & Info. Servcs., LLC v. RPost Int'l Ltd., 206 F.R.D. 367, 368 (S.D.N.Y. 2002). The pendency of a dispositive motion is not, in itself, an automatic ground for a stay. Id. Rather, a court determining whether to grant a stay of discovery pending a motion must look

to the particular circumstances and posture of each case. Hachette Distrib., Inc. v. Hudson County News Co. Inc., 136 F.R.D. 356, 358 (E.D.N.Y. 1991). In determining whether a stay is appropriate, courts consider the following factors: 1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; 2) the breadth of discovery and the burden of responding to it; and 3) the risk of unfair prejudice to the party opposing the stay. See Telesca, 2006 WL 1120636, at *1; In re Currency Conversion, No. MDL 1409, M21-95, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2005). Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, the type of motion and whether it is a challenge as a matter of law or to the sufficiency of the allegations, and the posture or stage of the litigation. See Telesca, 2006 WL 1120636, at *1; Hachette Distrib., 136 F.R.D. at 358.

This Court has preliminarily reviewed defendants' motions to dismiss plaintiff's causes of action for common law fraud, unjust enrichment and RICO. The moving defendants argue that the claims against them regarding overbilling and unnecessary medical treatment are barred by res judicata, State Farm's failure to timely deny each no-fault claim, the applicable statute of limitations and further contend that allegations concerning the fraudulent incorporation of the PC defendants fail to state a claim. Dr. Burke raises a few additional contentions centering on his role in the alleged scheme.

While the moving defendants may have colorable arguments for dismissal of some of the claims, this Court is doubtful that they will succeed in dismissing all the claims against them. For example, the moving defendants' argument that plaintiff's claims regarding unnecessary medical treatment are barred by the statute of limitations necessarily assumes facts that are beyond the pleadings and that have yet to be developed. Indeed, the date by which plaintiff should have discovered the alleged fraud involves factual determinations that are unlikely to be resolved on a motion to dismiss. See In re Issuer Plaintiff Initial Public Offering Antitrust Litig., No. 00 Civ. 7804, 2004 WL 487222, at *5 (S.D.N.Y. Mar. 12, 2004) ("[B]ecause questions of fact exist as to whether Plaintiffs should have discovered the facts alleged in their complaint prior to the expiration of the statute of limitations period, such determination is inappropriate on a motion to dismiss"); In re Sumitomo Copper Litig., 120 F. Supp. 2d 328, 346-47 (S.D.N.Y. 2000); Swan v. EMI Music Publ'g Inc., No. 99 Civ. 9693, 2000 WL 1528261, at *4-*5 (S.D.N.Y. Oct. 16, 2000).

Similarly, defendants' res judicata argument is not likely to be resolved in a motion to dismiss. A party may properly raise a defense of res judicata or collateral estoppel on a motion to dismiss pursuant to Rule 12(b)(6) only where the basis for that defense is set forth on the face of the complaint or established by the public record. See Rosa v. City Univ. of N.Y., No. 04 CV 9139, 2007 WL 1001416, at *1 (S.D.N.Y. Apr. 2,

2007); Feitshans v. Kahn, No. 06 Civ. 2125, 2006 WL 2714706, at *2 (S.D.N.Y. Sept. 21, 2006). Neither exception applies here. Despite the moving defendants' claim that they "do not seek to go beyond the face of the pleading," see ct. doc. 49-2 at 10 n.5, they cannot prevail without providing the Court with the arbitration awards that they contend preclude the claims relating to overbilling and unnecessary treatment. Even if the court chooses to convert this aspect of defendants' motion to a summary judgment motion, the moving defendants have offered insufficient information for substantive determination of this contention, having submitted only one award which they attached to their pre-motion letter. See ct. doc. 27-2.

The moving defendants further argue that plaintiff's claims of fraud and unjust enrichment based on the fraudulent incorporation of the PC defendants are not actionable as to services provided after the effective date of an amendment to 11 N.Y.C.R.R. § 65-3.16(a)(12). However, defendants' only support for their argument is a quote from Allstate Ins. Co. v. Valley Physical Med. & Rehab., P.C., 475 F. Supp. 2d 213, 222 (E.D.N.Y. 2007) (DRH) taken entirely out of context since it discusses New York common law prior to the promulgation of the revised regulation and an appellate division case decided over twenty years before the regulation was revised. See ct. doc. 49-2 at 30-31 (quoting Valley Physical, 475 F. Supp. 2d at 222 and citing Goldman v. Garofalo, 71 A.D.2d 650, 418 N.Y.S.2d 803 (2d Dep't 1979)). In contrast, the Appellate Term has recently found that

an insurance carrier may maintain an action for fraud or unjust enrichment against a fraudulently incorporated medical services provider to recover no-fault benefits which were paid by the insurer after the regulation's effective date.  See Metroscan Imaging, P.C. v. Geico Ins. Co., 13 Misc.3d 35, 823 N.Y.S.2d 818 (App. Term 2006) (interpreting State Farm Mut. Auto. Ins. Co. v. Mallela, 4 N.Y.3d 313, 794 N.Y.S.2d 700 (2005)); see also St. Paul Travelers Ins. Co. v. Nandi, 15 Misc.3d 1145(A), 2007 WL 1662050 (Sup. Ct. 2007) (denying motion to dismiss).  In fact, in Valley Physical, Judge Hurley expressly agreed with the decision in Metroscan that the revised regulation "'altered the common law prospectively'" to permit such an action.  See Valley Physical, 475 F. Supp. 2d at 222-23.

The moving defendants further argue that plaintiff is barred from bringing a fraud action relating to unnecessary medical treatment absent a timely denial of those benefit claims.  New York law is unsettled on this point and courts in this district have come to different conclusions.  Compare State Farm Mut. Auto. Ins. Co. v. Semion Grafman, CV-04-2609 (NG) (SMG) (E.D.N.Y. May 22, 2007) (attached to ct. doc. 42 as Exh. A); State Farm Mut. Auto Ins. Co. v. Kalika, No. CV-04-4631 (CBA) (CLP) (E.D.N.Y. Mar. 16, 2006) (attached to ct. doc. 42 as Exh. B) with Valley Phys., 475 F. Supp. 2d 213.  Nevertheless, even if defendants ultimately prevail on this argument, it would only dispose of some of the claims relating to unnecessary medical treatment, as defendants acknowledge.  See ct. doc. 49-2 at 13.

Moreover, contrary to the moving defendants' argument that plaintiff was not injured by defendants' fraudulent incorporation, see ct. doc. 49-2 at 31-38, plaintiff plainly was injured by paying no-fault claims in reliance on defendants' misrepresentations that the PC defendants were valid medical professional corporations.  Under <u>Mallela</u>, plaintiff was entitled to withhold payment for medical services provided by fraudulently incorporated enterprises.  <u>See</u> 4 N.Y.3d at 319-21.  In addition, New York's licensing requirements were enacted to prohibit the "corporate practice of medicine" that could result in the conduct alleged here, i.e., fraudulent practices such as billing for treatments that were not provided or were medically unnecessary. <u>See</u> <u>State Farm Mut. Auto. Ins. Co. v. Mallela</u>, 372 F.3d 500, 502 (2d Cir. 2004).  Indeed, plaintiff alleges that the PC defendants engaged in these activities "solely to maximize the profits that can be reaped from each such Insured."  Complaint at ¶¶ 17, 26, 29, 52, 64.  Further, the fraudulent incorporation allegations are related to the allegations of fraudulent billing since plaintiff contends that defendants created multiple corporations with different names and tax identification numbers to evade detection of its fraudulent practices and to continue submitting false charges to insurers.  <u>Cf.</u> <u>Mallela</u>, 372 F.3d at 504 (distinguishing theories arising solely out of allegations of fraud in the incorporation from broader claims that parties were billed for services that were not provided or were medically unnecessary).

Claiming that he was simply an employee for the defendant corporations, defendant Burke separately argues that he cannot be liable under a theory of unjust enrichment because payments were not directly made to him. The cases he cites as support involve very different circumstances from this case, where the plaintiff sought to recover benefits received by a third-party beneficiary of a contract with another party. See Burke Mem. at 13-14. In contrast, here, the plaintiff claims that the unjust enrichment resulted from collusion between Dr. Burke and the other defendants. In two other cases involving allegations of insurance fraud similar to the ones alleged here, two judges of this Court have denied motions to dismiss unjust enrichment claims, finding that allegations of benefit to the enterprise are sufficient at the pleading stage. See State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C., 375 F. Supp. 2d 141, 154-55 (E.D.N.Y. 2005); AIU Ins. Co. v. Olmecs Med. Supply, Inc., 04 CV 2934 (ERK), 2005 WL 3710370, at *14-15 (E.D.N.Y. Feb. 22, 2005).

Similarly, Dr. Burke argues that because he has not made any fraudulent statements directly to plaintiff nor otherwise acted in a manner upon which plaintiff relied, he cannot be found liable for common law fraud. Although Dr. Burke may not have submitted statements directly to plaintiff or ordered any tests, plaintiff alleges that Dr. Burke acted in concert with other defendants as part of a scheme to submit hundreds of fraudulent charges with respect to the tests. Plaintiff details in the complaint, the many routine tests that Dr. Burke performed which

were unrelated to any medical need and were designed to derive maximum profits for the defendants.  Although a conspiracy to commit a tort is not actionable under New York law, a plaintiff may recover under a claim of conspiracy against defendants where the underlying claim of fraud is adequately pled -- i.e., "the existence of an agreement and a wrongful act committed in furtherance of that agreement."  Brownstone Inv. Group, LLC v. Levey, 468 F. Supp. 2d 654, 660-61 (S.D.N.Y. 2007).  In addition, to establish liability for aiding and abetting fraud, plaintiff need only establish "(1) the existence of a fraud; (2) [the] defendant's knowledge of the fraud; and (3) that the defendant provided substantial assistance to advance the fraud's commission."  Lerner v. Fleet Bank, N.A., 459 F.3d 273, 292 (2d Cir. 2006).

Thus, this Court is not persuaded that the moving defendants have made a substantial showing that all of the plaintiff's claims are unmeritorious.

Next, notwithstanding their complaint that discovery would be onerous, the moving defendants have not shown how they will be unduly burdened by having to respond to plaintiff's requests for interrogatories and production of documents.  While plaintiff's discovery requests are broad, the breadth of those requests is commensurate with the nature and scope of the claims alleged.  Of course, at this juncture, the Court makes no determination as to whether particular document requests or interrogatories are overbroad or unduly burdensome.  Finally, although the moving

defendants complain that plaintiff is pursuing discovery expeditiously, that factor weighs against delaying discovery by granting a stay. See Hachette Distrib., 136 F.R.D. at 359.

In sum, after weighing the relevant factors, I find that defendants have not established good cause to warrant a stay of all discovery pending the Court's ruling on defendants' motion to dismiss. Accordingly, the application for a stay is denied.

## CONCLUSION

For the foregoing reasons, the moving defendants' application for a stay is denied without prejudice pending determination of their motions to dismiss plaintiff's complaint.

**SO ORDERED.**

Dated:     Brooklyn, New York
           October 4, 2007

                                         /s/
                                         MARILYN D. GO
                                         UNITED STATES MAGISTRATE JUDGE