```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

                Plaintiff,                ORDER

        - against -                       CV 2007-0051 (ENV)(MDG)

ACCURATE MEDICAL, P.C., et al.

                Defendants.
- - - - - - - - - - - - - - - - - -X
```

By letter dated August 27, 2007, Wolodymyr Starosolsky, Esq., moves on behalf of his clients, defendants Accurate Medical, P.C., J.P. Medical, P.C., Quality Medical Health Care Provider, P.C. (the "PC defendants"), and Hisham Elzanaty; defendant Dr. Jadwiga Pawlowski who was his client at that time;[1] and two non-parties, Healthy Chiropractic, P.C. and Allstar Health Care Management, Inc., to quash fourteen subpoenas served on various financial institutions seeking records of these defendants and non-parties. For the following reasons, this application is denied.

First, the moving parties argue that the subpoenas are premature in light of the pending motion for a stay. This argument is moot since this Court recently denied the motions for a stay filed by these and other defendants. In any event, the parties were warned at the initial conference in April that

---

[1] Mr. David N. Mair subsequently replaced Mr. Starosolsky as counsel for Dr. Pawlowski. A bankruptcy stay is currently in effect with respect to defendant Dr. Pawlowski.

"[a]bsent further order of the court, all other discovery must proceed even if some or all of the defendants move to dismiss." See minute entry for conference on 4/10/07.

Pointing to Rule 26(b)(2) of the Federal Rules of Civil Procedure as authority for the proposition that the Court should limit cumulative and duplicative discovery, the moving parties argue that records concerning the financial relationships of the moving defendants and non-parties could be obtained directly from the defendants. As plaintiff notes, they do not intend to seek the same discovery from the moving defendants, if production by the subpoenaed parties is complete. Critically, it is unlikely that the moving defendants would, in fact, possess all the documents sought by plaintiff in the subpoenas, which also seek internal banking documents, including signature cards and documents relating to loans, opening and closing of accounts, wire transfers and filings with governmental agencies, including any CTRs. Moreover, nothing in the Federal Rules of Civil Procedure requires a litigant to rely solely on discovery obtained from an adversary instead of utilizing subpoenas. See Covey Oil Co. v. Continental Oil Co., 340 F.2d 993, 998 (10th Cir. 1965) ("[A] person may not avoid a subpoena by saying that the evidence sought from him is obtainable from another.").

While the moving parties are correct that not all of the material responsive to the subpoenas will be relevant, I agree with plaintiffs that the scope of the subpoenas is appropriate for ascertaining the financial relationship of the moving

defendants and non-parties.  See State Farm Mut. Auto Ins. v. CPT Med. Servs., 375 F. Supp. 2d 141, 156 (E.D.N.Y. 2005) (ordering disclosure of defendants' financial information).

The moving defendants' final argument of burden is premature in the absence of a discovery request covering the same material. However, should plaintiff seek some of the same documents from defendants in the future, defendants' insistence that discovery should be tailored so as to avoid production of overlapping materials may prove to be unrealistic, particularly in a case such as this.

## CONCLUSION

For the foregoing reasons, the motion to quash is denied.

**SO ORDERED.**

Dated:     Brooklyn, New York
           October 10, 2007

                                      /s/
                                   MARILYN D. GO
                                   UNITED STATES MAGISTRATE JUDGE