UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Plaintiff,

    - against -

ACCURATE MEDICAL, P.C., et al.,

        Defendants.

- - - - - - - - - - - - - - - - - -X

ORDER

CV 2007-0051 (ENV)(MDG)

GO, United States Magistrate Judge:

    On April 9, 2012, defendant Hiram Elzanaty moved for leave to file under seal his opposition to plaintiff's Motion to Enforce the Settlement Agreement and cross-motion concerning plaintiff's alleged breach of the Agreement. Sealing Mot. (ct. doc. 108). In an electronic order filed on April 10, 2012, this Court expressed reluctance to seal all the submissions and scheduled a hearing for April 13, 2012 to discuss whether some portions of the submissions merited sealing. At the hearing, this Court ordered Mr. Elzanaty to send the Court an unredacted copy of the relevant motion papers with his proposed redactions highlighted. See Minute Entry dated Apr. 13, 2012. In his letter dated April 19, 2012,[1] this defendant also requested redaction of certain portions of the transcript of a prior hearing held in the related lawsuit <u>Elzanaty, et al. v. State farm Mutual Automobile Ins. Co., et al.</u>, 11-CV-4878 (ENV) on

---

[1] This submission was served on the Court and the other parties by mail but was not filed on ECF.

November 29, 2011.  The other parties take no position on the motion.

The Court has reviewed defendant Elzanaty's proposed redactions contained in his April 19, 2012 submission.  The sole type of information that the movant seeks to redact are references to the settlement agreement previously signed by the parties and non-parties concerning the amount of the settlement, the payment schedule, the payments actually made by the parties and the percentage of the settlement amount that various payments represent.

In cases where the Court is not required to rule on the fairness of a settlement, redactions of the monetary terms of a settlement agreement may be appropriate.  As the Second Circuit noted, although "[t]he public has a common law presumptive right of access to judicial documents and likely a constitutional one as well," redaction of settlement may be appropriate because "the presumption, such as it [is], [is] a weak one under these circumstances: The amount of the settlement was confidential [and] the parties articulated the reasons for such confidentiality . . . ."  Gambale v. Deutsche Bank AG, 377 F.3d 133, 140, 143 (2d Cir. 2004).  In ruling on disputes that involve a similar type of settlement agreement, courts in this circuit routinely redact monetary terms from their orders.  See, e.g., Herrick Co., Inc. v. SCS Comm'cs, Inc., 251 F.3d 315, 320 (2d Cir. 2001) (settlement amount was not disclosed to jury ruling on

breach of settlement agreement); Pusey v. Delta Airlines, 2012 WL 893908 at *1 (E.D.N.Y. Feb. 7, 2012); Kelly v. Hunton & Williams, 1999 WL 759972 at *1 (E.D.N.Y. Sept. 21, 1999).

In analyzing this redaction request, this Court is also mindful that "confidentiality encourage[d] parties to settle." Blake v. Deutsche Bank AG, 2011 WL 2946374 at *2 (S.D.N.Y. July 18, 2011). As in Gambale, the Settlement Agreement signed by the parties in this matter, which was filed in this case under seal (ct. doc. 92), contains an explicit confidentiality provision. Furthermore, the Agreement states that defendants specifically requested that term. Agreement at ¶ 15. Finally, because the parties are disputing provisions of the Agreement that are not directly related to the monetary terms, "litigation of the present action does not require disclosing the amount involved in the Agreement." Blake, 2011 WL 2946374 at *2.

Accordingly, this Court denies defendant Elzanaty's motion to file his motion papers under seal, but grants his more limited request to redact information regarding the settlement amount and payments which are highlighted in his submissions to the Court. His request to redact similar information contained on pages 18, 20 and 22 of the transcript of the November 29, 2011 conference is granted. The Clerk of the Court is requested to arrange to redact those portions from the filed transcript.

Furthermore, all parties are directed to redact from their motion papers to be filed information concerning the monetary

terms of the Settlement Agreement and payments due or made under the agreement.

Finally, since the amount of the payments and payment terms do not appear to be material to the issues raised in the current dispute amount the parties, the parties are relieved at this time from filing or submitting unredacted versions of any redacted filings.

**SO ORDERED.**

Dated:     Brooklyn, New York
            May 2, 2012

/s/
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE