


Law Offices Of
# Wolodymyr M. Starosolsky, Esq.
225 Broadway - Suite 1803
New York, NY 10007
Tel: (646) 256-8058    Fax (212) 406-3677

May 21, 2012

VIA ELECTRONIC FILING & U.S. MAIL

**The Hon. Marilyn Dolan Go**, United States Magistrate Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  State Farm Mutual Automobile Insurance Co. v. Accurate Medical P.C., et. al.,
          Case No. 1:07 civ 00051 (ENV) (MDG) Case Closed on 06/12/08

Dear Magistrate Judge Go:

I am the attorney for the defendants, Accurate Medical, P.C., J.P. Medical, P.C., Quality Health Care Provider, P.C., and Jadwiga Pawlowski, M.D. ("the Pawlowski defendants"), but only in Case No. 1:07 CIV 00051 (ENV) (MDG) (The "Accurate Case").

I write in connection with State Farm's pending motion submitted under the guise of a motion "to enforce" the June 11, 2008, Order of this Court, incorporating therein the Confidential Settlement Agreement that State Farm and all the defendants fully executed on or about December 11, 2007.  The Order was granted on consent and dismissed with prejudice plaintiff's 2007, insurance fraud complaint.  Now, at this late date, plaintiff asks that the Order be modified to the extent that the document destruction provision of the settlement agreement be declared void and unenforceable.  State Farm, under circumstances herein, argues in error that "public policy" justifies granting this equitable relief.  However, State Farm does not submit any authority by way of a court decision supportive if its argument.  Most importantly, plaintiff failed to submit, intentionally so, the required affidavit(s) from individuals with personal knowledge and/or State Farm's former counsel (the Katten firm and RivkinRadler) justifying, in any way, the willfully false representations made by plaintiff to the Court in its May 20, 2008, letter (Dkt. # 81) advising the Court that the agreement had not been breached, while knowing that State Farm, from the very outset, had breached and did not comply with the settlement agreement.

On Thursday, May 17, 2012, upon notice to counsel, I telephoned Your Honor's law secretary seeking clarification from Chambers as to, what I believed to be, Pawlowski parties' right to submit additional papers addressing State Farm's Memorandum of Law, dated May 4, 2012. Your law secretary conveyed Your Honor's message that I had two alternatives: (1) to submit a letter to the Court explaining the nature of my application as well as reason therefor or, (2) join in the brief being submitted by defendant Hisham Elzanaty.

The Pawlowski parties elected to submit this letter and hereby request the Court's permission to file an appropriate motion for enforcement of the June 11, 2008, Order of this Court and that the defendants' motion be considered together with all of the submissions that will be filed with the Court on this day.  In this, I note that the Pawlowksi defendants previously submitted a pre-motion letter dated  March 2, 2012, corrected on March 5, 2012, (Dkt. # 102) and asked for leave to file a motion to hold State Farm in contempt as a means of enforcing the June 11, 2008, Order.

By March 2, 2012, defendants collected several letter/documents which indicated that State Farm, while continually monitoring compliance by defendants, willfully breached the terms of the settlement agreement, falsely represented to the Court that there was "no breach" in order to facilitate the granting of the Order and, once the Order was granted, concealed from the Court and the defendants the fact that State Farm had been in continual breach of the Court Order from the very beginning until such time as this came to light as a result of the 2011, Bronx County, lawsuit by Elzanaty against State Farm.

Pawlowski's, pre-motion letter (Dkt. #102) was opposed by State Farm in the 03/09/2012 letter from attorney Sheila Birmbaum (Dkt. #103) in which counsel stated that defendants did not establish that plaintiff was guilty of "contumacious conduct" and that State Farm's failure to destroy the documents "was inadvertent"; therefore, not willful.  However, there is no requirement that a violation of a court order need be willful.  *Donovan v. Sovereign Sec. Ltd.*, 726 F.2d 55, 59 (2d Cir.1984).  Violation of a court order, whether willful or inadvertent is still a violation.  An order of a court must be obeyed until the court states otherwise.  In this case the Court has not stated otherwise.  Hence, the violation of the June 11, 2008, Order by State Farm is continuing.

The elements of contempt are present in this case: A party may be held in civil contempt for failure to comply with a court order if "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Paramedics Electro. v. GE Medical Systems*, 369 F. 3d 645 (2d Cir.2004) [citations omitted] *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir.1995).  Accordingly, Pawlowski parties respectively submit that they now have undisputed documentary proof (See Dkt. #81) that State Farm is guilty of much more than contumacious conduct, in fact, State Farm has willfully perpetrated fraud upon this Court and the defendants with the intent to induce the Court to grant the June 11, 2008, Stipulation and Order dismissing the case (Dkt. #86) when plaintiff falsely stated that: ***"State Farm contends that the settlement has not been breached as it is not aware of any particular term of the settlement that is in dispute."*** *(*Dkt. No. 81) *(emphasis supplied)* It is evident that State Farm perpetrated fraud on the Court.

"Common law fraud" requires (1) misrepresentation of a material fact, (2) intent to deceive or a state of mind so reckless respecting consequences as to be the equivalent of intent (scienter), (3) justifiable reliance on the misrepresentation by the party deceived, inducing him to act thereon, and (4) injury to the party deceived, resulting from reliance on the misrepresentation. *JP Stevens & Co., Inc. v. Lex Tex Ltd., Inc.,* 747 F. 2d 1553, 1559 (Federal Circuit. 1984) citing *Norton v. Curtiss*, 433 F.2d 779, 793, 167 USPQ 532, 543 (CCPA 1970).[5]  Pawlowski parties submit that the "inequitable and fraudulent conduct" of plaintiff comports with the four referenced requirements of common law fraud.

Such unconscionable, unforgivable and continuing fraud perpetrated upon this Court by plaintiff deserves nothing less than the most severe punishment that may be imposed under the law.  Nevertheless, the fact that the Court did sign and grant this Order seemingly implicates the Court in the fraud because the Court has a responsibility to review settlement agreements. The court is responsible to ensure that its orders are fair and lawful when it stamps the agreement that is incorporated into the order with judicial imprimatur. *Perez v. Westchester County Department of Corrections* 587 F. 3d 143 (2nd Cir., 2009) [*Roberson v. Giuliani*, 346 F. 3d 75 (2nd Cir., 2003).  The court docket indicates that the Court fulfilled its role in this case. (Dkt. #86)  In all this, the defendants have been subjected to the "deprivation of (their) significant rights," *Cullen v. N.Y. State Civil Serv. Comm'n*, 566 F.2d 846, 848 (2d Cir.1977), namely, they bargained-for the right to avoid trial and not merely to have State Farm destroy its investigative file.

The Pawlowski parties have an absolute right to move to enforce the June 11, 2008, Order and the settlement agreement incorporated therein.  Courts have noted that this right implicates our nation's strong judicial and public policies favoring out-of-court settlements; that litigants, courts, and Congress view settlement as a positive force, indispensable to judicial administration; and, that by foregoing formal courtroom procedures, including discovery, trial, briefs and arguments, brings substantial benefits to the parties, so that, the costs of litigation are reduced and crowded dockets are relieved. *Janneh v. GAF Corp*., 887 F. 2d 432, 434-435 - (2nd Circuit 1989).  The defendants request that all the relevant issues in this matter be determined in one decision.  There is no logic nor a sense of judicial economy in the Court anticipating resolution of this matter by a decision which anticipates the need of a subsequent decision.  There is no justification in having Solomon cut the baby in half and, upon examining one portion of the *corpus,* engage in guess work ("may be dispositive of …") regarding the condition of the other part of the baby's body that has not been examined..

Federal Rule of Procedure 60(b) is both discretionary and equitable.  In exercising its discretion under Rule 60(b) a court may always consider whether the moving party has acted equitably. "Equitable principles may be taken into account by a court in the exercise of its discretion under rule 60(b)." *Motorola Credit Corp. v. Uzan*, 561 F.3d 123 (2d Cir. 2009). The standing rule before the Supreme Court is that the "*clean hands*" doctrine "is far more than a mere banality.  It is a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, ***however improper may have been the behavior of the defendant.***" *Precision Instrument Mfg. Co. v. Automotive Maintenance Mach, Co.* 324 U.S. 806, 814, 65 S. Ct. 993, 89 L.Ed. 1381 (1945) *(Emphasis Added)* Accordingly, as a matter of law, the ever so loudly trumpeted allegations by State Farm of defendants' misconduct is not relevant to the Court's disposition of this proceeding.  In fact, "equity does not demand that its suitors shall have led blameless lives," (*Loughran v. Loughran*, 292 U.S. 216, 229); as to other matters, it does require that they shall have acted fairly and without fraud or deceit as to the controversy in issue. *Keystone Driller Co. v. General Excavator Co*., 290 U.S. 240, 245; *Johnson v. Yellow Cab Co*., 321 U.S. 383, 387; 2 Pomeroy, Equity Jurisprudence (5th Ed.) §§ 379-399.

In applying the "clean hands" doctrine, "[w]hat is material is not that the plaintiff's hands are dirty, but that he dirtied them in acquiring the right he now asserts, or that the manner of dirtying renders inequitable the assertion of such rights against the defendants." *Republic Molding Corp. v. B.W. Photo Utilities*, 319 F.2d 347, 349 (9th Cir.1963). Thus, equity requires that those seeking its protection shall have acted fairly and without fraud or deceit as to the controversy in issue. *Ellenburg v. Brockway, Inc*., 763 F. 2d 1091, 1097 ( 9th Cir, 1985) citing *Johnson v. Yellow Cab Transit Co*., 321 U.S. 383, 387, 64 S.Ct. 622, 624, 88 L.Ed. 814 (1944); *Keystone Driller Co. v. General Excavator Co*., 290 U.S. 240, 245, 54 S.Ct. 146, 147, 78 L.Ed. 293 (1933).  It is well to remember that while public policy favors the adjudication of matters on their merits (see *American Alliance Ins. Co., Ltd. v. Eagle Ins. Co*., 92 F.3d 57 (2d Cir.1996) it is also in the public interest to deter abuses of the legal process. See *Gucci Am. Inc. v. Gold Ctr. Jewelry,* 158 F.3d 631, 635 (2d Cir.1998), cert. denied, ___ U.S. ___, 119 S.Ct. 873, 142 L.Ed.2d 774 (1999). The later policy is served "by enforcing those defaults that arise from egregious or deliberate conduct." Id.

Respectfully submitted,

/s/Wolodymyr M. Starosolsky
Wolodymyr M. Starosolsky, Esq.
Counsel for the Pawlowski Parties
wmstarsolsky@msn.com

3

To:
Shelia L. Birmbaum, Esq.
Douglas E. Fleming III, Esq.
Skadden, Arps, Slate Meagher & Flom LLP
Counsel for State Farm Mutual Automobile Ins. Co.
Douglas.fleming@skadden.com

Steven R. Talan, Esq.
Blodnick Fazio & Associates, P.C.
Counsel for the Elzanaty Parties
Stalan@bcfdlaw.com