


Law Offices Of
# Wolodymyr M. Starosolsky, Esq.
225 Broadway - Suite 1803
New York, NY 10007
Tel: (646) 256-8058   Fax (212) 406-3677

May 30, 2012

VIA ELECTRONIC FILING

**The Hon. Marilyn Dolan Go**, United States Magistrate Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  State Farm Mutual Automobile Insurance Co. v. Accurate Medical P.C., et. al.,
Case No. 1:07 civ 00051 (ENV) (MDG) Case Closed on 06/12/08

Dear Magistrate Judge Go:

I am the attorney for the defendants, Accurate Medical, P.C., J.P. Medical, P.C., Quality Health Care Provider, P.C., and Jadwiga Pawlowski, M.D. ("the Pawlowski defendants"), but only in Case No. 1:07 CIV 00051 (ENV) (MDG) (the "Accurate Case").

In light of my obligation to my clients and to the Court, I am obliged to reply to attorney Sheila L. Birmbaum's (counsel for State Farm) May 25, 2012, letter sent to the Court via ECF. Ms. Birmbaum purports to respond/object to my May 21, 2012, letter to the Court in which I clearly addressed and established that State Farm had perpetrated fraud on this Court and the defendants by way of plaintiff's willful misrepresentations of "compliance" and "no breach" that the Court accepted as true and, therefore, granted the June 11, 2008, Stipulation and Order of dismissal. Plaintiff's counsel, in her somewhat patronizing letter to the Court, does not address this issue that is of the utmost importance in terms of this particular case and the precedent that it may set.

The May 21, 2012, letter that I submitted on behalf of the Pawlowski parties' left the plaintiff with two options: (1) that plaintiff would fall on its sword by admitting to the fraud, or, (2) avoid dealing with this issue altogether. Ms. Birmbaum, being the accomplished litigator that she is, elected to present a third option , to wit, she completely ignored the issue of the fraud committed by State Farm and launched another scurrilous attack on Dr. Pawlowski, in an obvious attempt to misdirect the Court's focus as to what is here of primary importance. Further, as it may pertain to plaintiff's onslaught on Dr Pawlowski, I ask that Your Honor note the annexed copy of my May 25, 2012, letter sent to plaintiff's counsel Douglas E. Fleming, III which references the same case authority as that cited in the Pawlowski parties' May 21, 2012, letter to the Court.

Such scurrilous and inflammatory attacks on my clients' character are irrelevant and improper in the context of this case. The attorneys representing State Farm are fully aware of this fact and of the applicable law. Nevertheless, Ms. Birmbaum persists with her misplaced, improper and, here irrelevant, character assassination of Dr. Pawlowski. Accordingly, one must ask the question: How can an attorney who conducts himself/herself in such a way expect to retain any creditability before the Court?

In *Palmieri v. State of NY*, 779 F. 2d 861 (2nd Cir 1985) the appellate court considered two competing imperatives in our judicial system: **the need of a state grand jury to gather evidence for ongoing criminal investigations, and the need of our districts courts and civil litigants to facilitate efficient resolution of disputes on negotiated settlements.** The defendants in this particular case, as it pertains to the *Confidential Settlement Agreement* of December 11, 2007, the Stipulation of dismissal on consent and the June 11, 2008, Court Order of Dismissal, "look to the later imperative and specifically to their reliance thereon throughout the federal proceedings, to preserve the secrecy of those products". Accordingly, the Pawlowski parties respectfully submit that the June 11, 2008, Court Order of Dismissal, granted on consent that incorporated therein the parties' settlement agreement, is a akin to a Federal Rule of Civil Procedure sealing order, i.e. a Rule 26(c) protective order that may not be changed, modified or vacated "absent a showing of improvidence in the grant of a Rule 26(c) protective order or of some ***extraordinary circumstances or compelling need*** … a witness should be entitled to rely upon the enforceability of a protective order against any third parties, including the Government, and that such an order should not be vacated or modified merely to accommodate the Government's desire to inspect protected testimony for possible use in a criminal investigation…."(*emphasis added*) *Martindell v. International Tel. & Tel. Corp.,* 594 F.2d 291, 294 (2d Cir. 1979), at 296 see also *GAF Corp. v. Eastman Kodak Co*. 415 F.Supp. 129 (S.D.N.Y. 1976); *Zenith Radio Corp. v. Matsushita Electric Industrial Co*., 1978-1 Trade Cases (CCH) ¶ 62,019 (E.D.Pa. 1978)

Most assuredly this Court has considered and is aware of the fact that State Farm has not established any such "extraordinary circumstances or compelling need" in any of the submissions it heretofore filed with the Court. The only "extraordinary circumstances" here are those pertaining to the fraud that State Farm and its counsel perpetrated on the Court and the defendants. The only "compelling need" evident from all this is the need for a Court hearing on the nature of the fraud committed by plaintiff, the extent of the fraud, implications thereof, sanctions and other punishment that may be appropriate for such action and the determination of the relief to which the Pawlowski parties are entitled.

Respectfully submitted,


/s/*Wolodymyr M. Starosolsky*
Wolodymyr M. Starosolsky, Esq.
Counsel for the Pawlowski Parties
wmstarosolsky@msn.com

To:
Shelia L. Birmbaum, Esq.
Douglas E. Fleming III, Esq.
Skadden, Arps, Slate Meagher & Flom LLP
Counsel for State Farm Mutual Automobile Ins. Co.
Douglas.fleming@skadden.com

Steven R. Talan, Esq.
Blodnick Fazio & Associates, P.C.
Counsel for the Elzanaty Parties
Stalan@bcfdlaw.com