## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

———

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
(212) 735-3076
DIRECT FAX
(917) 777-3076

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

December 7, 2012

**VIA ELECTRONIC FILING**

Hon. Eric N. Vitaliano, United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE: *State Farm Mut. Auto. Ins. Co. v. Accurate Med.* (1:07-cv-00051-ENV-MDG)

Dear Judge Vitaliano:

Pursuant to this Court's November 15, 2012 Order, Plaintiff, State Farm Mutual Automobile Insurance Company ("State Farm"), respectfully submits this letter in response to Defendant Hisham Elzanaty's letter regarding his Second Notice of Supplemental Authority ("Second Notice"), dated November 26, 2012. (Dkt. No. 130.)

Mr. Elzanaty sought leave to file a Second Notice (Dkt. No. 128) to bring to the Court's attention an unreported 2003 decision, *Wolf v. Wolf*, 59 F. App'x 403 (2d Cir. 2003). *Wolf* is inapposite to the questions presented here because *Wolf* did not deal with a settlement provision that is void and unenforceable, like the document destruction provision at issue here. Rather, in *Wolf*, the district court granted a motion to enforce a settlement agreement as a result of a breach and, in doing so, modified the settlement by imposing an additional obligation. *Id.* at 405. The Second Circuit upheld the district court's authority to enforce the settlement but explained that the district court did not have the authority to modify it "absent special circumstances such as a material breach or duress." *Id.* In contrast, the questions presented here are whether the document destruction provision in the settlement agreement and order entered by this Court is void and unenforceable, and whether Mr. Elzanaty may recover based on such a void and unenforceable provision. Indeed, Mr. Elzanaty uses his supplemental letter mainly to rehash his arguments, while barely discussing his inapposite, supplemental authority. As shown below, Mr. Elzanaty's arguments remain wrong as a matter of law.

***Background:*** In 2007, after a multi-year investigation by State Farm's anti-fraud unit, State Farm filed this insurance fraud action against Mr. Elzanaty and others alleging that Mr. Elzanaty unlawfully owned and illegally controlled multiple medical facilities as part of a fraudulent scheme in which he obtained millions of dollars in no-fault car insurance benefits. (Dkt. No. 1.) In December 2007, Mr. Elzanaty and others settled State Farm's fraud claims (Dkt. Nos. 85-86, 92), which included allegations of criminal, felony-level misconduct (Dkt. No. 1, *e.g.*, ¶¶ 8, 51-62). In 2008, this Court entered a Stipulation and Order incorporating the terms of the settlement, dismissing the claims, and retaining jurisdiction. (Dkt. Nos. 85-86, 92.)

In 2011, the Defendant professional corporations and Defendant Dr. Pawlowski agreed to submit to penalties and not to contest charges brought by New York State that they were engaging in the same insurance fraud scheme that State Farm prosecuted. (Dkt. No. 120, Exs. E-F.) Later in 2011, another insurer (GEICO) commenced its own fraud lawsuit against Mr. Elzanaty, seeking to recover for and stop the insurance fraud that GEICO alleged Mr. Elzanaty and his co-conspirators were also committing against GEICO. *GEICO v. Uptown*, No. 1:11cv-01453-FB-RLM (E.D.N.Y.). Unchastened, Mr. Elzanaty and his medical facility responded by suing State Farm. Mr. Elzanaty alleged, upon "information and belief," that State Farm tipped off GEICO to his alleged fraud by providing documents and information to GEICO in purported breach of the document destruction provision. In his lawsuit, Mr. Elzanaty has the temerity to demand that if GEICO obtains a fraud judgment against him, State Farm should indemnify Mr. Elzanaty for his fraud. (*See* 3/7/12 SF Br. at 8-9 (Dkt. No. 112) (discussing Mr. Elzanaty's Complaint filed in *Elzanaty v. State Farm Mut. Auto Ins. Co.*, No. 1:11cv-04878-ENV-MDG (E.D.N.Y.).)

Once Mr. Elzanaty contested this Court's jurisdiction over his action, State Farm filed its own motion in the instant action, seeking to declare, as a matter of law, that the document destruction provision is void, unenforceable, and violative of New York's laws and public policies against insurance fraud. (Dkt. No. 112.) Mr. Elzanaty cross-moved for, *inter alia*, an order requiring State Farm to destroy the documents and to pay him the amount State Farm received under the settlement.[1] (Dkt. No. 117.) State Farm's briefing presents matters of law. Nonetheless, GEICO has submitted an affidavit (Dkt. No. 113, Ex. A), which remains unrebutted, that shows that the whole premise of Mr. Elzanaty's claims is wrong. The GEICO affidavit demonstrates that GEICO did not obtain any documents or information from State Farm and that GEICO based its lawsuit against Mr. Elzanaty on its own fraud investigation, initiated years before State Farm's lawsuit. State Farm also explained that after Mr. Elzanaty brought his lawsuit, State Farm concluded that the document destruction provision is unenforceable and void, and that neither side should have agreed to and presented that provision to the Court. (3/7/12 SF Br. at 4 (Dkt. No. 112); 5/4/12 SF Br. at 3-4 (Dkt. No. 119).) Furthermore, State Farm stated that Rivkin Radler, State Farm's prior retained counsel, took steps to destroy documents within State Farm's investigative file in 2008, and that it was not until 2011 that it was discovered that no documents in its investigative file had been destroyed, which State Farm determined was through inadvertence and miscommunication, not an intention not to do so. (*Id.*)

## I. MR. ELZANATY'S ATTEMPT TO AVOID A RULING BY THIS COURT FAILS

Mr. Elzanaty uses his supplemental letter to repeat yet again his assertions that State Farm must file a plenary action to obtain a ruling on the unenforceability of the document destruction provision. *Wolf* is irrelevant to that issue and his recycled assertions continue to misapprehend this Court's jurisdiction. As State Farm established in its briefs, this Court has the inherent and continuing jurisdiction to declare a provision in the settlement agreement and order it

---

[1] Mr. Elzanaty's cross-motion also seeks an order declaring the void and unenforceable document destruction provision and a separate letter provided by State Farm's prior retained counsel to be necessary parts of the settlement agreement and order and supposedly the only consideration received by Mr. Elzanaty's medical facility. (4/11/12 Elzanaty Br. at 14 (Dkt. No. 117).) State Farm relies on its prior filings opposing that portion of his cross-motion. (*See* 5/4/12 SF Br. at 7-10, 26-28, 30-34, citing cases.)

entered to be void and unenforceable. (3/7/12 SF Br. at 9-10, citing cases; 5/4/12 SF Br. at 11-13, citing cases.) Moreover, this Court's express retention of jurisdiction also provides such authority. (*Id.*).[2] Indeed, Magistrate Go explained over one year ago that "Judge Vitaliano does believe there is subject matter jurisdiction" and that "the most efficient way to proceed" is to decide in this action as a matter of law whether the document destruction provision should be declared invalid. (*See Elzanaty*, 11-cv-04878-ENV, Dkt. No. 50 at 4:4-13; 29:18-21.)

## II. THE DOCUMENT DESTRUCTION PROVISION REMAINS UNENFORCEABLE

Throughout Mr. Elzanaty's briefs, letters, and his supplemental submission ostensibly regarding *Wolf*, he barely addresses the critical point that the document destruction provision is void and unenforceable. As State Farm has established, New York's public policies, laws, and regulations, including New York's Insurance Frauds Prevention Act, require insurers to investigate, report, track, and attempt to prevent insurance fraud and correspondingly to maintain their fraud investigative files. (3/7/12 SF Br. at 10-17, citing laws and cases; 5/4/12 SF Br. at 13-20, citing laws and cases; *see also Allstate Ins. Co v. Lyons*, 843 F. Supp. 2d 358, 380 (E.D.N.Y. 2012) (referring to Insurance Frauds Prevention Act's imposition of duties on insurers to combat insurance fraud).) These requirements and public policies are irreconcilable with an obligation to destroy an insurer's fraud file. (3/7/12 SF Br. at 10-17; 5/4/12 SF Br. at 13-20.) Indeed, in conflict with New York law and public policy, Mr. Elzanaty has contended that the document destruction provision is intended to stop other insurers (and the government) from pursuing his alleged fraud. (*See, e.g.*, 5/4/12 SF Br. at 19.) In addition, as State Farm has also shown, New York law so strongly supports combatting insurance fraud that it specifically provides ***statutory immunity*** to those who disclose suspected insurance fraud to insurers (among others). (3/7/12 SF Br. at 10-13; 5/4/12 SF Br. at 14-20.) Notwithstanding one year of briefing, the point that the documents destruction provision is void and unenforceable remains barely addressed -- let alone rebutted -- by Mr. Elzanaty. Rather, Mr. Elzanaty's primary position appears to be that even if the document destruction provision is void, this Court lacks the power to declare it so and he is entitled to a monetary award based on such provision. As State Farm has shown, as a matter of law, Mr. Elzanaty has no basis for recovery under the void and unenforceable document destruction provision, and Mr. Elzanaty's citation to *Wolf* provides nothing to the contrary.

## III. MR. ELZANATY IS NOT ENTITLED TO ANY AWARD OR RELIEF BASED ON THE VOID AND UNENFORCEABLE DOCUMENT DESTRUCTION PROVISION

First, GEICO has rebutted Mr. Elzanaty's central allegation (made "upon information and belief") that State Farm provided documents and information to GEICO. (Dkt. No. 113, Ex. A.)

Second, even though Mr. Elzanaty's allegations are not true, Section 406 of New York's Insurance Frauds Prevention Act would provide statutory immunity for the alleged disclosure of documents and information to GEICO reflecting State Farm's suspicion of Mr. Elzanaty's fraud, thereby eliminating as a matter of law any claim for damage based on the allegations presented.

---

[2] Contrary to Mr. Elzanaty's contentions (p. 2-3), and as State Farm previously established, although not necessary for the Court to exercise jurisdiction, Rule 60(b) provides an alternative avenue for doing so. (3/7/12 SF Br. at 9-10 & n.8, citing cases; 5/4/12 SF Br. at 11-12 & n. 10, citing cases.) Moreover, many of the cases Mr. Elzanaty cites relate to the standard for filing an independent plenary action to collaterally attack a final judgment and are irrelevant because, as State Farm has demonstrated, a plenary action is not required here.

3

Case 1:07-cv-00051-ENV-MDG   Document 131   Filed 12/07/12   Page 4 of 5 PageID #: 1356

(3/7/12 SF Br. at 10-13, citing cases; 5/4/12 SF Br. at 14-20, citing cases.)

Third, Mr. Elzanaty's claims fail for the additional reason that it is hornbook law that to receive the return of payments under a settlement, rescission would be required. (5/4/12 SF Br. at 2-3, 21-23, citing cases.) However, Mr. Elzanaty does not seek rescission. Rather, in violation of black letter contract law, he seeks a return of consideration based on the void and unenforceable document destruction provision without returning the benefits he and the other signatories received, thereby improperly attempting to avoid the reinstatement of State Farm's insurance fraud action. (*Id.*) Moreover, even if Mr. Elzanaty had sought rescission, he could not satisfy the requirements for that extraordinary remedy because, as State Farm has previously shown (and Mr. Elzanaty does not address), it would not be possible to restore the parties to the status quo under these circumstances. (*Id.* (discussing inability to restore parties to status quo).)

Fourth, Mr. Elzanaty's claim that he should receive a monetary award because State Farm purportedly breached the document destruction provision fails for the additional reason that as a matter of law there can be no breach of a void and unenforceable provision.[3] (*See* 5/4/12 SF Br. at 20, citing authorities and cases.)[4] Similarly, Mr. Elzanaty again ignores that recovery based on the document destruction provision, whether through purported modification or otherwise, is also unavailable because the settlement contains a savings provision. The savings provision, consistently omitted by Mr. Elzanaty, does not provide for rescission or modification if a provision is declared to be invalid but rather expressly states that the validity of the remainder of the settlement shall not be affected. (*Id.* at 3, 25-28, citing cases; Dkt. No. 92, ¶ 22.)

Fifth, Mr. Elzanaty's claim is that the purpose of the document destruction provision is to destroy State Farm's evidence so that third parties (such as GEICO) would not pursue him for his alleged fraud. (*See e.g.*, 5/4/12 SF Br. at 19.) Courts will leave the parties where they are and will not provide relief based on such a provision, not because of a desire to benefit either party, but because of the need to uphold public policy and the law. (*Id.* at 28-30, citing cases.)

Sixth, if, despite the overwhelming and unrebutted authority, it were determined that the document destruction provision is not invalid, unenforceable, or illegal, the remedy would be to destroy the documents. (*E.g.*, 5/4/12 SF Br. at 4-5, 34.) As State Farm has shown, Mr. Elzanaty has sustained no damage from the inadvertent failure to destroy such documents. (*Id.*)

---

[3] Although State Farm has corrected Mr. Elzanaty previously, he repeats the inaccurate contention that State Farm "admitted" a material breach of the settlement agreement. To the contrary, as discussed above (and previously), as a matter of law, there can be no breach of a void and unenforceable provision.

[4] Contrary to Mr. Elzanaty's assertions at note 5, there can be no reasonable reliance on a void and unenforceable provision. *See, e.g., Palmieri v. New York*, 779 F.2d 861, 865 (2d Cir. 1985) (cited by Mr. Elzanaty; stating that "no amount of . . . reliance . . . could substantiate an unquestioning adherence to an order improvidently granted," such as an order containing a void and unenforceable obligation that is violative of law and public policy). Similarly, Mr. Elzanaty's claim of estoppel should be rejected because no principle of estoppel prevents a court from declaring a settlement provision to be void and unenforceable; rather, the law and public policy compel the need for such a declaration. (*See, e.g.*, 5/4/12 SF Br. at 28-30, citing cases.)

4

Finally, like *Wolf*, the numerous other cases that Mr. Elzanaty adds to his letter do not address or dispute these principles. For example, Mr. Elzanaty's cases at note 5 and pages 4-5 involving the enforceability of agreements or orders do not diminish in any way the principle that a court may declare a provision in a settlement agreement and order to be void and unenforceable, where as here, such provision violates New York law, regulations, and public policy. Rather, Mr. Elzanaty's cases recognize that an obligation may be unenforceable and void *ab initio* where, for example, it is violative of law or ordered improvidently. *See, e.g., Palmieri*, 779 F.2d at 865. Moreover, as Mr. Elzanaty's cases also recognize, the instant action is different from a situation in which a party provides documents after, and in reliance on, the entry of a confidentiality or sealing order because State Farm's investigative file was created by State Farm and in its possession well before the entry of the document destruction provision. *See, e.g., Sec. & Exch. Comm'n v. TheStreet.Com*, 273 F.3d 222, 234 (2nd Cir. 2001) (refusing to enforce sealing order where disclosure was in public interest and testimony at issue had been provided before sealing order was even entered). Furthermore, in the context of confidentiality orders or sealed records, the documents may be unsealed and therefore available to others, where as here, the void and unenforceable document destruction provision calls for the *destruction* of documents, which would render them unavailable under any circumstances. *See, e.g., id*; *IIT v. Int'l Controls Corp.*, 2009 WL 3094942, at *1 (S.D.N.Y. Sept. 28, 2009). Mr. Elzanaty's attempt on page 3 to liken this case to *Oxxford Info. Tech. v. Novantas LLC*, 78 A.D. 499, 910 N.Y.S.2d 77 (1st Dep't 2010) is disingenuous. That case dealt with a protective order that required the parties at the conclusion of the case to return or destroy proprietary business information they received from each other in discovery, and a subsequent contention by one side that complying would be too expensive. *Id.* at 78. In contrast, the case at bar deals with documents in State Farm's fraud investigative file subject to a void and unenforceable document destruction provision in a settlement. Further distinguishing this case from *Oxxford*, Mr. Elzanaty alleges that the document destruction provision was intended to stop other insurers from pursuing him for his alleged fraud and that State Farm purportedly breached such provision by allegedly providing documents to GEICO, which then sued him for fraud. Thus, based on his own arguments, his claim relates to documents pertaining to alleged fraud, not supposed, unspecified competitive business information.

In sum, Mr. Elzanaty's Second Notice of Supplemental Authority is inapposite. It does not overcome or address the invalidity of the document destruction provision or the failure of Mr. Elzanaty's requests for relief based on such provision. For the reasons set forth herein and in State Farm's previously-filed motion and opposition papers, State Farm respectfully requests that the Court declare the document destruction provision to be void and unenforceable as a matter of law and to deny Mr. Elzanaty's cross-motion in its entirety.

                                                Respectfully submitted,
                                                /s/ *Douglas E. Fleming III*
                                                Sheila L. Birnbaum
                                                Douglas E. Fleming III

cc:      Counsel of Record