UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY,**                    :

                          **Plaintiff**,   :           No. 1:07-cv-00051 (ENV) (MDG)

              *-against-*                  :           ECF Case

**ACCURATE MEDICAL, P.C., et al.,**        :

                          **Defendants.**  :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**PLAINTIFF'S FURTHER SUPPLEMENTAL MEMORANDUM OF LAW**



SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP

Sheila L. Birnbaum
(Sheila.Birnbaum@skadden.com)
Douglas E. Fleming III
(Douglas.Fleming@skadden.com)
Four Times Square
New York, New York 10036

*Attorneys for Plaintiff State Farm Mutual*
*Automobile Insurance Company*


April 19, 2013

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ...........................................................................................1

ARGUMENT .........................................................................................................................2

I.     AS STATE FARM HAS PREVIOUSLY SHOWN, THE DOCUMENT
DESTRUCTION PROVISION IS VOID AND UNENFORCEABLE ...........................2

II.    MR. ELZANATY'S ARGUMENTS ABOUT THE PROTECTIVE ORDER
AND SO-CALLED "BUSINESS INFORMATION" ARE IRRELEVANT ....................6

III.   MR. ELZANATY'S ARGUMENTS REGARDING THE SAVINGS CLAUSE
AND SUBJECT MATTER JURISDICTION CONTINUE TO FAIL .............................9

        A.     Mr. Elzanaty's Arguments Regarding the Savings Clause Continue To Fail ......... 9

        B.     Mr. Elzanaty's Arguments Against Subject Matter Jurisdiction Continue
To Fail ................................................................................................................... 12

IV.   ANY ARGUMENTS MADE IN FURTHERANCE OF MR. ELZANATY'S
CROSS-MOTION DEMONSTRATE THAT THE CROSS-MOTION SHOULD
BE DECIDED IN THE CURRENT ACTION ............................................................. 14

CONCLUSION .................................................................................................................... 14

i

## <u>TABLE OF AUTHORITIES</u>

Page(s)

### CASES

*Ass'n for Retarded Citizens of Connecticut, Inc. v. Thorne,*
  30 F.3d 367 (2d Cir. 1994)............................................................................12, 13

*Benjamin v. Koeppel,*
  650 N.E.2d 829 (N.Y. 1995).............................................................................5, 6

*Chemical Bank v. Meltzer,*
  712 N.E.2d 656 (N.Y. 1999) ..............................................................................10

*Dumitru v. Princess Cruise Lines, Ltd.,*
  732 F. Supp. 2d 328 (S.D.N.Y. 2010)................................................................10

*GuideOne Specialty Mutual Insurance Co. v. Congregation Adas Yereim,*
  593 F. Supp. 2d 471 (E.D.N.Y. 2009) ...............................................................11

*Hispanic Society of New York v. New York City Police Department,*
  806 F.2d 1147 (2d Cir. 1986), *aff'd, Marino v. Ortiz,* 484 U.S. 301 (1988)...............12, 13

*Huron Group, Inc. v. Pataki,*
  785 N.Y.S.2d 827 (Sup. Ct. Erie County 2004), *aff'd,* 803 N.Y.S.2d 465
  (4th Dep't 2005) ..................................................................................................10

*Manti's Transportation, Inc. v. Citicapital Commercial Corp.,*
  2008 WL 977192 (E.D.N.Y. Apr. 9, 2008) .......................................................12

*Schlessinger v. Valspar Corp.,*
  686 F.3d 81 (2d Cir. 2012).................................................................................5, 6

*Turner Construction Co. v. Kemper Insurance Co.,*
  198 F. App'x 28 (2d Cir. 2006) ..........................................................................10

*West Virginia ex rel. State Farm Mutual Automobile Insurance Co. v. Bedell,*
  719 S.E.2d 722 (W. Va.), *cert. denied,* 132 S. Ct. 761 (2011) .......................7, 8

*West Virginia ex rel. State Farm Mutual Automobile Insurance Co. v. Marks,*
  2012 WL 5834584 (W. Va. Nov. 15, 2012) ........................................................8

*Wolf v. Wolf,*
  59 F. App'x 403 (2d Cir. 2003) ............................................................................4

**STATUTES**

N.Y. Financial Services Law § 405 (McKinney 2012) ....................................................................3

N.Y. General Business Law § 395-a..............................................................................................6

N.Y. Insurance Law. § 406 (McKinney 1984) ......................................................................2, 3, 4

Pursuant to this Court's Order dated April 5, 2013, Plaintiff, State Farm Mutual Automobile Insurance Company ("State Farm"), respectfully submits this further supplemental memorandum of law to address issues raised in Mr. Elzanaty's March 18, 2013 supplemental brief (Dkt. No. 135) that exceed the limited scope of the briefing that this Court permitted the parties to file in its minute entry order dated February 14, 2013, and to respond further.

## PRELIMINARY STATEMENT

At the hearing on February 14, after the parties had filed extensive briefing over the last year relating to the document destruction provision contained within the Settlement Agreement ("Settlement Agreement") and Stipulation and Order of Dismissal ("Order"), this Court expressed its belief that State Farm's motion is "probably" or "likely" correct that the document destruction provision is void and unenforceable.  The Court then issued an order stating that the parties were authorized to file additional briefs limited to two issues: (1) whether rescission is an appropriate remedy in light of the express savings clause in the Settlement Agreement and Order, and the annulment of the existence of certain defendants; and (2) subject matter jurisdiction. (Min. Entry, dated 2/14/13.)   Contrary to the terms of this Court's order, however, Mr. Elzanaty's 47-page brief went well beyond those issues by essentially re-briefing all of the issues and raising additional arguments that exceed the scope of the February 14th order.  As a result, State Farm requested leave to file a further supplemental brief, and on April 5, 2013, the Court granted all parties leave "to submit any additional briefing they deem necessary by April 19, 2013." (Min. Entry, dated 4/5/2013.)  Accordingly, State Farm respectfully submits the instant, supplemental memorandum of law, which further establishes that as a matter of law the document destruction provision should be declared void, unenforceable and against public policy without invalidating the remainder of the Settlement Agreement and Order, and that Defendants should be denied any and all relief.

**ARGUMENT**

I.   **AS STATE FARM HAS PREVIOUSLY SHOWN, THE DOCUMENT DESTRUCTION PROVISION IS VOID AND UNENFORCEABLE**

Exceeding the scope of the February 14th order, Mr. Elzanaty's brief rehashes his contention that this Court should order State Farm to destroy State Farm's insurance fraud investigative file. Nothing in Mr. Elzanaty's reiteration of his prior arguments is sufficient to overcome this Court's view that State Farm is "likely" and "probably" correct that the document destruction provision is void and unenforceable as violative of New York's substantial laws, regulations, and public policy against insurance fraud.

First, Mr. Elzanaty repeats his argument that the statutory immunity conferred by section 406 of New York's Insurance Frauds Prevention Act does not apply to State Farm's alleged disclosure of insurance fraud to GEICO. (*Compare* Dkt. No. 117 at 10-13 *with* Dkt. No. 135 at 37-39.) As an initial matter, while State Farm's motion presents pure questions of law, the GEICO affidavit rebuts Mr. Elzanaty's assertion that State Farm provided any documents or information to GEICO. (Dkt. No. 113-1, Ex. A.) Moreover, by focusing primarily on section 406, Mr. Elzanaty continues to overlook all of the other insurance laws, regulations, and public policies cited by State Farm that are irreconcilable with an obligation to destroy an insurer's fraud file. (Dkt. No. 112 at 13-17; Dkt. No. 119 at 13-14; Dkt. No. 131 at 3.) Those laws, regulations, and policies are sufficient in and of themselves to establish that the document destruction provision is void as a matter of law.

Nevertheless, as State Farm has previously shown, even taking Mr. Elzanaty's allegations as true, statutory immunity under section 406 of New York's Insurance Frauds Prevention Act would also squarely apply as a matter of law to the alleged disclosure to GEICO. (Dkt. No. 112 at 10-13; Dkt. No. 119 at 13-20; Dkt. No. 131 at 3.) Section 406 of New York's Insurance

2

Frauds Prevention Act provides that "[i]n the absence of fraud or bad faith, [State Farm shall not] be subject to civil liability . . . for any information relating to suspected fraudulent insurance transactions furnished to other persons subject to the provisions of this chapter [such as GEICO]." N.Y. Ins. Law § 406 (McKinney 1984).[1]   State Farm previously established that the limited fraud and bad faith exceptions reflected in the statute apply only to a disclosure made without a legitimate foundation or belief.   (*E.g.*, Dkt. No. 119 at 15-17.)   The following admissions and allegations by Defendants, as well as undisputed facts, demonstrate as a matter of law that State Farm's investigative file provides well more than a legitimate foundation for suspecting that the Defendants have engaged in insurance fraud:   Defendants settled the action and contend that they paid to have State Farm's insurance fraud file destroyed so that other insurers would not sue Defendants for insurance fraud (*id.* at 16); Mr. Elzanaty argues that GEICO sued him for insurance fraud based on the contents of  State Farm's investigative file (*id.* at 17); Mr. Elzanaty claims that if he is held liable to GEICO for committing insurance fraud, the alleged disclosure of the documents would be the cause (*id.*); and the Pawlowski Defendants signed a consent judgment with New York State in which they agreed not to contest the fraud charges (*id.*).   Thus, as a matter of law, by Defendants' own allegations and admissions, the documents at issue provide, at minimum, a legitimate foundation for the suspicion of insurance

---

[1] That version of section 406 was in effect in 2007.   As of October 3, 2011, its text was incorporated into section 405 of the Financial Services Law consolidating the Departments of Insurance and Banking. The text is substantively identical. Section 405 states in part:  "In the absence of fraud or bad faith, no person subject to the provisions of this chapter, the banking law or the insurance law shall be subject to civil liability, and no civil cause of action of any nature shall arise against such person for any . . .  information relating to suspected violations of the . . . insurance law furnished to other persons subject to the provisions of this chapter . . . ."  N.Y. Fin. Servs. Law § 405 (McKinney 2012).

fraud, rendering statutory immunity under section 406 directly applicable to Mr. Elzanaty's allegations and further establishing the invalidity of the document destruction provision. (*Id.*)

Second, Mr. Elzanaty repeats his erroneous argument that State Farm waived immunity under section 406. (*Compare* Dkt. No. 117 at 15 *with* Dkt. No. 135 at 35, 38.) State Farm has shown that there can be no waiver of immunity under section 406—a statute designed to protect the public by supporting the reporting, investigation, prevention, and prosecution of insurance fraud. (Dkt. No. 119 at 17-18.) Furthermore, even with regard to statutory provisions that may be waived, the waiver must be specific and unambiguous, unlike the terms of the document destruction provision here. (*Id.* at 17 n.16.)

Third, Mr. Elzanaty incorrectly again states that State Farm has admitted a breach of the document destruction provision and that he should prevail because he purportedly relied on such void provision. (*Compare* Dkt. No. 117 at 11-12 and Dkt. No. 130 at 1-3 *with* Dkt. No. 135 at 7, 31, 36-37.) As State Farm has previously shown, as a matter of law, there can be no breach of, or justifiable reliance on, a void and unenforceable provision, such as the document destruction provision. (Dkt. No. 119 at 20; Dkt. No. 131 at n.4.) Therefore, all of Mr. Elzanaty's arguments premised on purported reliance or an alleged breach fail as a matter of law.[2]

---

[2] Mr. Elzanaty's continued reliance (Dkt. No. 135 at 29-30) on *Wolf v. Wolf*, 59 F. App'x 403 (2d Cir. 2003), for the proposition that a settlement cannot be modified absent a material breach is misplaced. As State Farm has shown, *Wolf* does not address the power of a court to declare a settlement provision to be void and unenforceable. Moreover, *Wolf* did not involve a savings clause. Instead, the district court in *Wolf* imposed an additional obligation in a settlement agreement, which the Second Circuit held to be outside the district court's authority absent special circumstances. *Id.* at 406. In contrast, the issue here is the Court's authority to enforce the savings clause by declaring that the document destruction provision violates New York law and public policy, and upholding the valid provisions of the Settlement Agreement and Order. (*See also* Dkt. Nos. 129, 131, 134 at 16 n.10 (distinguishing *Wolf*).)

Fourth, Mr. Elzanaty argues that principles of ratification or estoppel bar this Court from declaring the document destruction provision to be void. (*Compare* Dkt. No. 130 at 3 n.4 *with* Dkt. No. 135 at n.9, 45-46.) On the contrary, State Farm has previously established that no such principle could support enforcing a void and unenforceable provision that is violative of New York's laws and public policies against insurance fraud. (Dkt. No. 119 at 28-30; Dkt. No. 131 at 4 n.4.)

Fifth, Mr. Elzanaty again argues that State Farm should not have agreed to the void and unenforceable document destruction provision, but he ignores the fact that he and all of the other parties, not just State Farm, agreed to such void provision. (*Compare* Dkt. No. 117 at 6, 14 and Dkt. No. 121 at 8 *with* Dkt. No. 135 at 35.) Contrary to Mr. Elzanaty's assertions, agreement to a void provision cannot transform the provision into a valid one. (Dkt. No. 112 at 10-17; Dkt. No. 119 at 13-20, 28-30; Dkt. No. 131 at 3-4.) Moreover, State Farm has repeatedly explained both at hearings and in its prior briefing and correspondence, that while the issues before the Court present questions of law, State Farm has not engaged in any fraud. State Farm previously explained that in connection with outside counsel's investigation of Mr. Elzanaty's 2011 Complaint, State Farm concluded that the document destruction provision is void and unenforceable. State Farm also previously explained that the lack of compliance with such void provision was the result of inadvertence and miscommunication, not any intention to mislead or to not comply. (*E.g.*, Dkt. No. 112 at 4; Dkt. No. 119 at 3-4; Dkt. No. 131 at 2.)[3] Nevertheless,

---

[3] Mr. Elzanaty's reliance on *Benjamin v. Koeppel*, 650 N.E.2d 829 (N.Y. 1995) and *Schlessinger v. Valspar Corp.*, 686 F.3d 81 (2d Cir. 2012) is misplaced. (*See* Dkt. No. 135 at 38-39 & n.22.) Mr. Elzanaty fails to point out that *Benjamin* expressly distinguishes cases (like this one) that deal with laws, regulations, and public policies that are intended to protect the public or prevent fraud, from cases (unlike this one) involving regulations that have other purposes, such as raising revenues. *See Benjamin*, 650 N.E.2d at 831. *Benjamin* thus supports State Farm's motion by recognizing that contractual obligations that are violative of laws against fraud are void and *(cont'd)*

5

as State Farm has shown, the invalidity of the document destruction provision has been established as a matter of law.

Accordingly, for all of these reasons previously established by State Farm, and as this Court stated at the February 14th hearing is "probably" or "likely" correct, the document destruction provision is void and unenforceable as violative of New York's substantial laws, regulations, and public policies against insurance fraud.

## II.    MR. ELZANATY'S ARGUMENTS ABOUT THE PROTECTIVE ORDER AND SO-CALLED "BUSINESS INFORMATION" ARE IRRELEVANT

Mr. Elzanaty also incorrectly argues that declaring the document destruction provision to be void would also result in voiding the 2007 protective order entered in this action.  (Dkt. No. 135 at 3, 38.)  Contrary to Mr. Elzanaty's assertions, the protective order is irrelevant to these issues.  By its clear terms, the protective order applies only to documents produced in the litigation and then only if such documents "bear[] the legend 'CONFIDENTIAL,' or ha[ve] otherwise been designated as 'CONFIDENTIAL' by the person making it available."  (Dkt. No. 34-2 ¶¶ 1, 8.)  Mr. Elzanaty fails to disclose that Defendants did not produce any documents under the protective order or otherwise in this action.  As Mr. Elzanaty is well aware, rather than providing discovery in this action, Defendants chose to settle shortly after their objections to

---

*(cont'd from previous page)*

unenforceable.  *See id.*  In addition, *Schlessinger* cites *Benjamin* and likewise distinguishes cases involving regulations designed to prevent fraud.  *Schlessinger*, 686 F.3d at 85-86.  Moreover, unlike here, *Schlessinger* deals primarily with the different question of whether N.Y. General Business Law § 395-a (which restricts the termination of certain maintenance agreements) provides consumers with a private right of action to assert a claim that a furniture store violated that statute by terminating its furniture repair contracts.  *Schlessinger*, 686 F.3d at 87-89.  In contrast, State Farm's motion does not depend on any private right of action under the cited laws, regulations, and public policies that render the document destruction provision to be void.

State Farm's discovery requests were denied. (Dkt. No. 119 at 7.)  Thus, the protective order has no application to State Farm's fraud investigative file here. (Dkt. No. 131 at 5.)

In addition, Mr. Elzanaty's disingenuous contention that New York courts places a high value on post-litigation destruction of "'business information'" also fails.  (*Compare* Dkt. No. 130 at 3 *with* Dkt. No. 135 at 31.)  By Defendants' own allegations, this case involves documents that Defendants want destroyed so that others will not pursue them for their fraud.  (2011 Dkt. No. 1, Ex. A., p. 14, Wherefore ¶¶ (b)-(c); 2011 Dkt. No. 50 at 22:10-13, 20-22.)  Indeed, Mr. Elzanaty is not claiming that GEICO is somehow a competitor who is stealing his proprietary, trade secret information through State Farm's alleged disclosure of its investigative file.  The very premise of Mr. Elzanaty's claim is that State Farm purportedly disclosed the alleged fraud reflected in the documents to GEICO and that GEICO then sued him for fraud.  (*Id.*)  Thus, Mr. Elzanaty's argument that this case relates to protection of his proprietary "'business information'" (Dkt. No. 135 at 31), not allegations of insurance fraud, is pure sophistry and should be rejected (Dkt. No. 131 at 5).

Mr. Elzanaty erroneously relies (Dkt. No. 135 at 38 & n. 21) on *State Farm Mutual Automobile Insurance Co. v. Bedell*, 719 S.E.2d 722 (W.Va. 2011), which dealt with State Farm's objections to a protective order and was not decided under New York law.  First, *Bedell* is wholly inapposite because it related to a medical information protective order, not a settlement provision directed at destroying an insurer's fraud investigative file so that, according to Mr. Elzanaty, other insurers would not sue him for insurance fraud. (Dkt. No. 112 at n.12.)  In addition, the court in *Bedell* did not even substantively address State Farm's arguments relating to insurance fraud because the court determined (over State Farm's objections) that such arguments purportedly were not adequately raised below.  (*Id.*)

7

Second and most significantly, Mr. Elzanaty fails to cite *Bedell*'s progeny. Several months ago, in *State Farm Mutual Automobile Insurance Co. v. Marks*, the West Virginia Supreme Court determined that the protective order at issue there was not improper because, according to the court, the protective order purportedly included provisions that addressed State Farm's reporting and retention obligations. 2012 WL 5834584, at *6 (W. Va. Nov. 15, 2012) (to be published in S.E.2d). While State Farm disagrees with the court's decision, the court in *Marks* found that, unlike the Settlement Agreement and Order here, the protective order did not require the destruction of all copies of the documents subject to the order. Rather, the court read the order in *Marks* as expressly permitting a copy to be retained. *Id*. at *6-*8. Moreover, the court determined that, in contrast to the document destruction provision here, the order purportedly included a proviso that allowed State Farm to make an application to the court to permit the disclosure of the documents. *Id*. Furthermore, the court read the protective order as permitting documents to be retained to the extent they were subject to state retention requirements. *Id*. Thus, unlike the protective order in *Marks*, the document destruction provision here does not contain any mechanism that even arguably purports to attempt to provide mechanisms for State Farm to comply with its obligations to retain documents and/or report and support the investigation of insurance fraud. Rather, as State Farm has previously established, the provision violates several New York laws and public policies by requiring the original and all copies of State Farm's insurance fraud investigative file to be destroyed, rendering it void and unenforceable as a matter of law. (Dkt. No. 112 at 10-17; Dkt. No. 119 at 13-20; Dkt. No. 131 at 3-5.)[4]

---

[4] State Farm continues to disagree with the West Virginia Supreme Court's reading of the protective orders, as well as its ruling in *Marks* and *Bedell*.

III.    MR. ELZANATY'S ARGUMENTS REGARDING THE SAVINGS CLAUSE AND
        SUBJECT MATTER JURISDICTION CONTINUE TO FAIL

As to the limited issues of rescission and subject matter jurisdiction that this Court actually permitted the parties to address in its order dated February 14, 2013, State Farm continues to refer the Court to its prior briefing. (*See* Dkt. No. 134; 2011 Dkt. No. 53.)   In addition, State Farm avails itself of the opportunity provided by the Court in its April 5, 2013 order to briefly respond further regarding those issues.

A.      Mr. Elzanaty's Arguments Regarding the Savings Clause Continue To Fail

As State Farm has established, even if rescission had been requested, as a matter of law, it would be improper under the clear and unambiguous terms of the savings clause.  (Dkt. No. 119 at 25-28; Dkt. No. 131 at 4.)  In response, Mr. Elzanaty's supplemental brief does not clearly request rescission and in fact offers several arguments against rescission.  In this regard, Mr. Elzanaty's primary argument relating to the savings clause is not in favor of rescission but rather that the savings clause does not permit the Court to declare the document destruction provision to violate New York's laws and public policies.  (Dkt. No. 135 at 43-45.)

Mr. Elzanaty argues that the savings clause does not permit the document destruction provision to be declared void because New York's public policy favors the enforcement of settlements.  (Dkt. No. 135 at 30-33.)  However, as State Farm has established, adhering to the terms of the savings provision by not rescinding the Settlement Agreement and Order would be supported by the strong public policy favoring the settlement of litigation, not the needless re-litigation of claims resolved long ago. (Dkt. No. 134 at 13-16.)

Next, Mr. Elzanaty argues that the savings clause does not permit this Court to declare the document destruction provision to be void because doing so would purportedly constitute an impermissible rewriting of the contract.  (*See* Dkt. No. 135 at 44-45.)  Mr. Elzanaty is wrong.

The principal case on which Mr. Elzanaty relies for this proposition supports State Farm, not Mr. Elzanaty. *See Dumitru v. Princess Cruise Lines, Ltd.*, 732 F. Supp. 2d 328 (S.D.N.Y. 2010); (Dkt. No. 135 at 45.). In *Dumitru*, the court struck the unenforceable provision from the parties' arbitration agreement because, just like here, the agreement contained an express savings clause. *Id.* at 346. Thus, *Dumitru* recognizes that declaring a provision void under a savings clause does not constitute reforming or rewriting a contract. Instead, such a "clause demonstrates that 'severance was a contingency contemplated by the parties at the time of formation.'" *Id.* (citation omitted).[5] As State Farm has previously shown, "[g]iven the existence of an applicable severability clause, . . . the parties have expressed their intent to be bound by the remaining provisions of the [Settlement Agreement and Order], in the event of the invalidation of a particular clause" and "contrary to [Mr. Elzanaty's] contention, the Court [would] not [be] 'reforming' the [Settlement Agreement and Order]" by declaring the document destruction provision to be void. *See Huron Group, Inc. v. Pataki*, 785 N.Y.S.2d 827, 856 (Sup. Ct. Erie County 2004), *aff'd*, 803 N.Y.S.2d 465 (4th Dep't 2005).

Mr. Elzanaty also argues that this Court may not declare the document destruction provision void and unenforceable under the savings clause because the document destruction provision declares that a breach is "material." (Dkt. No. 135 at 57-59.) Mr. Elzanaty's contention fails for multiple reasons established by State Farm. As shown above and previously, there can be no breach, material or otherwise, of a void and unenforceable provision. Moreover, Mr. Elzanaty himself states that rescission is improper where the disputed provision is not "so

---

[5] None of the additional cases Mr. Elzanaty cites at page 45 for this proposition deal with a savings clause, a void and unenforceable provision, or rescission. *See Turner Constr. Co. v. Kemper Ins. Co.*, 198 F. App'x 28 (2d Cir. 2006); *Chemical Bank v. Meltzer*, 712 N.E.2d 656 (N.Y. 1999). Thus, they are irrelevant.

material that it goes to the foundation of the agreement." (Dkt. No. 135 at 40.) Thus, based on the very standard argued by Mr. Elzanaty, rescission is not warranted. The Settlement Agreement expressly provides that its purpose (or foundation) was not document destruction but to "amicably resolve all the disputed claims . . . between the Parties," and "to avoid the time and expense of continued litigation." (Dkt. No. 92 ¶ 17.) Mr. Elzanaty has also separately admitted that the purpose or foundation of the Settlement Agreement was not document destruction, previously stating: "*The purpose of the [Settlement Agreement] was to resolve a number of actions pending between State Farm, Elzanaty and others*: Dismissal of the State Farm EDNY Action was only a portion of the consideration exchanged for the [Agreement.]" (2011 Dkt. No. 23-1 ¶ 9 (emphasis added).). Furthermore, as State Farm has shown, even if the Court concluded that the essential purpose or foundation of the Settlement Agreement and Order was the destruction of documents, such that it so tainted the rest of the Settlement Agreement as to render it to be unenforceable in its entirety, rescission still would be improper. Under principles enunciated by Justice Cardozo decades ago (and not addressed by Mr. Elzanaty), if, as Mr. Elzanaty contends, the settlement's purpose were the destruction of documents to prevent other insurers from pursuing him for fraud, this Court would be compelled to leave the parties where they are. (Dkt. No. 134 at 18-23.) Finally, Mr. Elzanaty's March 18 brief does not dispute that rescission is inappropriate where the parties cannot be substantially restored to the status quo and where the "'clearest and strongest equit[ies]'" do not "'imperatively demand[]'" rescission. *GuideOne Specialty Mut. Ins. Co. v. Congregation Adas Yereim*, 593 F. Supp. 2d 471, 480 (E.D.N.Y. 2009) (Vitaliano, J.) (citation omitted). Mr. Elzanaty's March 18 brief does not argue that the status quo can be substantially restored. Rather, he highlights the impossibility of restoring the status quo by repeatedly emphasizing that the Settlement Agreement resolved not

11

just the instant action but other legal actions as well, such as State Farm's claims in Dr. Pawlowski's bankruptcy proceedings (*e.g.*, Dkt. No. 134 at 1), which have long since terminated and over which this Court lacks jurisdiction.  As State Farm has further established (Dkt. No. 134 at 23-27), nor do the equities even remotely support rescission, let alone "imperatively" demand rescission.

**B.    Mr. Elzanaty's Arguments Against Subject Matter Jurisdiction Continue To Fail**

On the issue of subject matter jurisdiction, State Farm respectfully refers the Court to State Farm's prior briefing which establishes subject matter jurisdiction in this action (and in the 2011 action) and refutes each of the arguments raised by Mr. Elzanaty.  (*See* Dkt. No. 134 at 2-3, 6-11; *see also* 2011 Dkt. No. 53.)  In short, this Court has inherent, ancillary and continuing jurisdiction in this action as expressly stated in its Order and as firmly supported by both United States Supreme Court and Second Circuit authority.  Mr. Elzanaty relies heavily on two Second Circuit decisions in his March 18 brief to repeat his contention that this Court does not have jurisdiction to hear State Farm's motion because his medical facility, Uptown Healthcare Management Inc. ("Uptown"), was a signatory to the Settlement Agreement only.  *See Hispanic Soc'y of N.Y. v. N.Y.C. Police Dep't*, 806 F.2d 1147 (2d Cir. 1986), *aff'd*, *Marino v. Ortiz*, 484 U.S. 301 (1988); *Ass'n for Retarded Citizens of Conn., Inc. v. Thorne*, 30 F.3d 367 (2d Cir. 1994); (Dkt. No. 135 at 10-13.).  Both of those cases are inapposite.[6]

---

[6] *Manti's Transportation, Inc. v. Citicapital Commercial Corp.*, 2008 WL 977192 (E.D.N.Y. Apr. 9, 2008) also is inapposite.  (Dkt. No. 135 at 13, 15.)  *Manti's* dealt with the issue of whether a district court had jurisdiction under Rule 60(b) to hear a plenary action challenging a prior settlement on the grounds of fraud.  *Id.* at *1.  That case has nothing to do with whether a court has jurisdiction to declare a provision in a settlement agreement and order to be void under its inherent, ancillary and continuing jurisdiction as expressly stated in the order.

In *Thorne*, unlike here, the plaintiffs moved to join a nonparty state agency to a consent judgment to require the agency to comply with the terms of the consent judgment.  *See Thorne*, 30 F.3d 367 at 368.  The Second Circuit held that it was impermissible to join the agency to the action because the agency was a nonparty to the consent judgment.  *Id.*  Here, however, State Farm does not seek to join any party or nonparty such as Uptown to the action and is not moving to require Uptown to comply with its terms.  Rather, State Farm has moved to declare the document destruction provision to be void and unenforceable under the savings clause because it is violative of New York law and public policy. Moreover, the court in *Thorne* expressly recognized that notwithstanding the nonparty status of the state agency the "district court has authority to enforce a judicially-approved consent decree against the parties to it," *id.* at 370, and this Court likewise has such authority here.  Finally, the court distinguished cases, like this one, in which "the interests of nonparties have been adequately represented by parties." *Id.* at 372.  As State Farm pointed out in its prior briefing, Uptown is clearly in privity with Mr. Elzanaty, a party to this action who owns Uptown, signed the Settlement Agreement for Uptown, and presented the Settlement Agreement to this Court.  (Dkt. No. 134 at 9-11.)  Regardless of whether Uptown participates, Uptown will be bound under principles of privity and *res judicata* to a determination by this Court that the document destruction provision is void.  (*Id.*)

*Hispanic Society* is also inapposite.  In that case, the Second Circuit held that a group of nonminority police officers did not have standing to appeal the entry of a consent judgment providing for the promotion of minority police officers because the nonminority police officers were not parties to the action or consent judgment and did not seek to intervene below.  *Hispanic Soc'y*, 806 F.2d 1147 at 1150-51.  Here, in contrast, there is no contention that State Farm lacks standing to seek a determination that the document destruction provision contained within the

Settlement Agreement and Order requiring it to destroy its fraud files is void and unenforceable as violative of New York law and public policy.

## IV.   ANY ARGUMENTS MADE IN FURTHERANCE OF MR. ELZANATY'S CROSS-MOTION DEMONSTRATE THAT THE CROSS-MOTION SHOULD BE DECIDED IN THE CURRENT ACTION

Finally, Mr. Elzanaty's supplemental brief contains arguments regarding the separate Katten-Rivkin letter (Dkt. No. 135 at 34-35), as well as the document destruction provision, despite his recent request that his cross-motion regarding those subjects be withdrawn. (*Compare, e.g.*, Dkt. No. 135 at 1 (incorporating Mr. Elzanaty's counsel's affidavit regarding, *inter alia*, the cross-motion that he purportedly has withdrawn) *with* Dkt. No. 132 (prior letter to court purporting to withdraw cross-motion).)   Any arguments made in furtherance of Mr. Elzanaty's cross-motion, including with respect to the Katten-Rivkin letter, fail for the same reasons previously established by State Farm.  (Dkt. No. 119 at 5-6, 30-34 (addressing Katten-Rivkin letter).)  In addition, his arguments demonstrate that the issues in the cross-motion should be decided in this action and render his purported withdrawal futile.  (*See* Dkt. No. 133.)

### CONCLUSION

For the foregoing reasons, and the reasons previously established, Plaintiff, State Farm Mutual Automobile Insurance Company, respectfully submits that the Court should grant State Farm's motion to declare the document destruction provision to be void, unenforceable and against public policy and to deny any and all relief to the Defendants.

Dated: New York, New York      Respectfully submitted,
       April 19, 2013            /s/ Douglas E. Fleming III
                                      Sheila L. Birnbaum (Sheila.Birnbaum@skadden.com)
                                      Douglas E. Fleming III (Douglas.Fleming@skadden.com)
                                      SKADDEN, ARPS, SLATE,
                                        MEAGHER & FLOM LLP
                                      Four Times Square
                                      New York, New York 10036
                                      (212) 735-3000
                                      *Attorneys for Plaintiff State Farm Mut. Auto Ins. Co.*